In the Matter of the Application of the County Treasurer of DuPage County, Illinois, for Judgment and Sale of Real Estate for General Taxes for the Year 1960.
Willard Monsen, Inc., Petitioner-Appellant, v. Stella Hasselman, Defendant-Appellee.

Gen. No. 65–46.

Second District.

October 25, 1965.

135

Lyle H. Rossiter, of Chicago, for appellant.

Arthur W. Main and Arthur W. Main, Jr., of Chicago, for appellee.

MR. JUSTICE MORAN delivered the opinion of the court.

The case at bar presents the issue as to what type of interest is necessary to permit the redemption from a tax sale.

The facts are not in dispute. On March 6, 1935, the Chicago Title and Trust Company, as Trustee, conveyed the title to a vacant lot in Glen Ellyn in DuPage County to one Marybel Pridmore. The deed was subsequently recorded. On June 24, 1938, Marybel Pridmore conveyed the premises to Emil and Bessie Tomasek, by warranty deed which was recorded September 8, 1942. The Tomaseks entered into an installment contract to sell the premises to one Henry J. Robb. On September 10, 1963, the contract was recorded with the notation endorsed on its face "Paid in full, E. Tomasek." Tomasek is still living and it appears that the endorsement is written in his handwriting and contains his signature. No deed was ever delivered to Henry J. Robb or recorded by him. Subsequently, Henry J. Robb died, leaving as his sole heirs his two sons, Henry J. Robb and John Robb. By quitclaim deed dated August 24, 1963 and recorded September 10, 1963, Henry J. Robb, the son of the decedent and his wife, Iris R. Robb, conveyed whatever interest they had in the premises to the defendant. In October, 1961, the plaintiff's assignor purchased the property for delinquent taxes and became the owner of a tax certificate of purchase, which was subsequently assigned to the plaintiff. One week before the expiration of the period of redemption the defendant deposited the sum of $286.06 with the County Clerk

of DuPage County to redeem the lot from the tax sale. This deposit was in the proper amount and was posted on the county clerk's records as a redemption. Two months later the plaintiff filed its petition to expunge the redemption upon the grounds that the defendant was not an owner of record and was, therefore, not entitled to redeem. The trial court held that the defendant had a sufficient interest in the premises to redeem and denied the petition to expunge the record of redemption and to issue a tax deed to the plaintiff. This appeal followed.

The single issue presented to this court is whether or not the defendant had a sufficient interest in the premises to authorize her redemption. Section 5 of article IX of the Illinois Constitution provides in part "The right of redemption from all sales of real estate for the nonpayment of taxes or special assessments of any character whatever, shall exist in favor of owners and persons interested in such real estate, for a period of not less than two years from such sales thereof. . . ." Ill Rev Stats ch 120, sec 734 (1963), provides in part ". . . any redemption made shall inure to the benefit of the person having the legal or equitable title to the property redeemed, subject to the right of the person making the same to be reimbursed by the person benefited." It is to be noted that while a stranger to the property may not redeem, the law does not require record title as a prerequisite of redemption.

The Supreme Court in recent years has decided two cases which bear directly on the issue now before this court. Namely, Weiner v. Jobst, 22 Ill2d 11, 174 NE2d 561, and Franzen v. Donichy, 9 Ill2d 382, 137 NE2d 825. At first reading, these cases seem to be in conflict, but a careful study indicates that they contain distinguishable differences.

Weiner v. Jobst was a four to three decision of our Supreme Court involving the following facts. One Jacobson conveyed certain premises to a trustee, who, subsequently, reconveyed the same to Jacobson, but the deed of reconveyance was not recorded. Jacobson then conveyed to one Chelma, who conveyed the property to the Western National Bank of Cicero, as Trustee. The premises had been sold for taxes and an attorney by the name of Lyons, representing that he was the agent of the Western National Bank of Cicero, as Trustee, purported to make a redemption. The defect in the chain of title was not discovered until after the redemption period had expired and at this point a duplicate deed was obtained, executed and recorded. The court holds that Lyons had no interest in the property, since the trustee was the only one who could claim an interest in the property. In addition, the defect in the chain of title was not corrected until after the expiration of the period of redemption and that by the time its interest had been established, the redemption period had expired. The court thereupon denied the redemption and issued the tax deed.

Franzen v. Donichy presented the court with the following facts. One Anna Frost made an agreement with the Danish Old Peoples Home, providing that in consideration of their promises to care for her in her lifetime, she "does hereby grant, bargain, sell and convey to said The Society For The Danish Old Peoples Home, all of his property, both real and personal, of every kind and description, and wherever situated. . . ." The subject premises were not specifically described. The contract was recorded, but no deed conveying the property from Frost to the Home was ever executed or recorded. Frost expired and, subsequently, the Home quitclaimed its interest to the defendant who redeemed from a tax sale. The owner of the certificate challenged the redemption and the

same issue was presented as is presented to us. The court held that the agreement between Frost and The Danish Old Peoples Home was not a deed but, rather, a contract. However, the court stated at page 387, "It makes no difference for present purposes, however, that the instrument was a mere contract to convey. It was effective to vest in the Home an equitable title to the interest of Anna Frost." The court on the same page further said, "While a mere stranger to the property has no right to redeem, it is enough if the person assuming to redeem has some 'interest' therein, even though it does not amount to complete ownership. . . . Redemptions are looked upon with favor, and unless injury is to result to the purchaser at the sale a liberal construction will be given redemption laws."

█ In the case at bar, the recorded contract between Tomasek and Robb marked "Paid in full" was sufficient to vest the full equitable title to the premises in Robb. This interest then passed to his heirs upon his death and by quitclaim deed one-half of the equitable interest was conveyed to the defendant. The defendant, herself, made the redemption prior to the expiration of the period of redemption, and there was no gap in her chain of interest, since she recorded her quitclaim deed from Henry J. Robb and wife, before the expiration of the period of redemption. These two facts distinguish the present case from Weiner v. Jobst, supra.

█ It is clear that the defendant is not a stranger to the property. She has a definite ascertainable interest. In determining the quality and quantity of interest necessary to permit redemption, we must have in mind that the law recognizes both a legal and equitable interest, looks with favor upon redemptions and gives a liberal construction to the redemption laws unless injury results thereby to the purchaser at the tax sale. Here, the plaintiff suffers no injury because

139

■■■

the effect of the trial court's order reimburses him for his expenditures with interest.

The order of the trial court is correct and is, therefore, affirmed.

Judgment affirmed.

ABRAHAMSON, P. J. and DAVIS, J., concur.