In the Matter of the Application of the County Collector for Judgment and Sale Against Lands and Lots Returned Delinquent for Nonpayment of General Taxes for the Year 1961 and Prior Years.
Elmwood Properties, Inc., Petitioner-Appellant, v. Harold Ladley, Executor, Respondent-Appellee.

Gen. No. 10,725.

Fourth District.

June 30, 1966.

Allan L. Blair, of Chicago (Allan L. Blair and Bruce M. Buyer, of counsel), for appellant.

Phelps, Russell & Boyle, of Carlinville (Edward R. Phelps, of counsel), for appellee.

TRAPP, P. J.

Petitioner appeals from an order of the Circuit Court denying petitioner's motion to set aside a redemption from a tax sale made by respondent and denying petitioner's application for a tax deed.

Della M. Alaubaugh was the owner of certain real estate which was subjected to a tax sale, and petitioner ultimately became the owner of the certificate of pur-

chase. Under the statute the period of redemption would expire August 11, 1965. Della M. Alaubaugh died April 11, 1964, and on July 14, 1965, respondent Harold Ladley, the executor named in the will of the decedent, applied for letters. On August 9, 1965, respondent deposited funds with the County Clerk to redeem the property from the tax sale, and on August 17, 1965, an order was entered appointing respondent as executor.

Petitioner contends that an executor does not have a redeemable interest in a tax sale.

Section 5 of article IX of the Constitution of Illinois of 1870 provides, in part:

> "The right of redemption from all sales of real estate for the nonpayment of taxes or special assessments of any character whatever, shall exist in favor of owners and persons interested in such real estate, for a period of not less than two years from such sales thereof. . . ."

Petitioner seeks to maintain the position that only the holder of the record title may redeem and seeks, in some way, to equate his status to that of a purchaser without notice. Petitioner would thus deprive a devisee of real estate under a will not yet admitted to probate, and a contract purchaser from a decedent where the contract had not yet been fulfilled, of the right to redeem.

Other than the fact that both are called purchasers, there is no similarity between a purchaser at a tax sale who purchases with full knowledge of the right of redemption, and ordinarily at less than five percent of the value of the property at a premium on his investment up to 24% per year, and a bona fide purchaser without notice, who ordinarily does so at a price approximating the value in the belief that he is becoming the owner. The distinction was sufficiently important to cause the

constitutional provision above referred to. It would be an unconscionable public policy that did not give full effect to the liberal intendment of the constitutional provision.

We are not authorized to ignore the constitutional language "and persons interested," which is added to the word "owners." In Franzen v. Donichy, 9 Ill2d 382, 137 NE2d 825, where a sale for taxes was held December 30, 1952, a 1935 contract to convey was recorded November 17, 1954, and redemption made on the basis of the contract December 21, 1954, the Supreme Court held there was a sufficient interest to redeem. The court said, p 387:

> ". . . While a mere stranger to the property has no right to redeem, it is enough if the person assuming to redeem has some 'interest' therein, even though it does not amount to complete ownership. (People v. Hess, 7 Ill2d 192; Houston v. Buer, 117 Ill 324.) Redemptions are looked upon with favor, and unless injury is to result to the purchaser at the sale a liberal construction will be given redemption laws. Mohr v. Sibthorp, 395 Ill 418."

In re English's Estate, 24 Ill2d 357, 181 NE2d 111, concerned the question as to what persons were "interested" within the meaning of §§ 263 and 266 of the Revenue Act of 1939 (Ill Rev Stats, 1959, c 120, pars 744, 747), requiring the tax purchaser to give notice. It is rather obvious that a requirement as to giving notice could fairly be confined to record owners, occupants and interest actually known. There is no attempt here to extend the time for redemption by reason of a failure to give notice. The court in In re English's Estate did not have before it the question of the effect of an administrator seeking to redeem within the redemption period.

Weiner v. Jobst, 22 Ill2d 11, 174 NE2d 561, cited by petitioner, does not concern an executor or administrator. Dixon v. Nefstead, 285 Ill App 463, 2 NE2d 135, was a contest as to title between a trustee named in a will, who was ordered by a circuit court to carry out the trust, and an administrator of an estate. Anderson v. Shepard, 285 Ill 544, 121 NE 215, concerns the constitutionality of an act regarding land title registration in which the court stated that neither an administrator nor an executor, as such, has title to land of the decedent.

■ ■ In the broadest sense an estate always has an "interest" in real estate owned by a decedent. In the broadest sense also, it is the duty of the personal representative, either as administrator, or as executor, to act for the best interest of the estate. The statutes and the authorities shed considerable light on the nature of this interest. The estate, that is to say, the personal representative, is liable for the taxes. Chap 120, § 509 (Ill Rev Stats) makes the owner of real property on January 1st, liable for the taxes of that year. This becomes a debt of the executor. In re Estate of Carlson, 348 Ill App 464, p 468, 109 NE2d 461. That an estate may be interested in having real estate taxes paid is clear from the Probate Act. § 249 of the Probate Act (Ill Rev Stats, 1961, c 3, § 249) provides:

> "When it appears to the probate court that it is for the interest of any estate being administered in that court that the taxes on real estate forming a part of the estate be paid, the court may authorize the executor or administrator of the estate to pay taxes from any moneys on hand."

The language of this statute in reference to "interest of any estate" is quite broad. It does not refer to interest of the executor or administrator, or heir, or devisee, specifically, but rather to "interest of any estate." Since

an estate as such has no legal interest, it must mean an interest in having the act performed that would be beneficial to someone interested in the estate.

■■ It has been held that the devisees may compel the executor to pay the taxes, although no claim is filed. In re Estate of Carlson, 348 Ill App 464, 109 NE2d 461. As against legatees an executor may deduct taxes paid on real estate, even though there is no court order obtained in accordance with the above statute. In re Estate of Muldoon, 315 Ill App 109, 42 NE2d 306.

Now, if an executor may of his own accord pay real estate taxes, and if an executor may be compelled to pay real estate taxes, and if a court by statute may be authorized to find that it is to the "interest of any estate" that real estate taxes may be paid, how can it be successfully contended that an executor or administrator has no interest whatever in the real estate to which the taxes are subject. Obviously the reason for allowance of the payment is twofold: first, the taxes may be a debt of the decedent, and second, by the language of § 249 of the Probate Act (c 3, § 249, Ill Rev Stats, 1963), it may be to the interest of the estate in a general sense that the real estate taxes be paid.

Now, if the taxes may lawfully be paid, by what reasoning will the executor be denied the right of redemption? By our statute, application for judgment and sale is made in the month of October, and the sale occurs sometime thereafter. In case of a death in October, an executor might not be able to pay the taxes before the sale date. Can there be some reason for saying that it might be to the interest of the estate to pay the real estate taxes before the tax sale, but that this reason would vanish upon the sale? And if redemption may be made immediately after the sale, what stopping point do we have but the expiration of the statutory period of redemption?

277

We quite agree with the respondent that it is also the duty of the executor or administrator to prevent waste. We agree that under § 79 of the Probate Act (Ill Rev Stats 1961, c 3, § 79), the executor may act to preserve the estate before his official appointment. This is a matter of judgment for the executor. Whether there will, in fact, be a sale to pay debts, or whether any of the heirs will question the judgment of the executor in making a redemption, is of no concern to the tax purchaser.

The orders of the circuit court will be affirmed.

Affirmed.

SMITH and CRAVEN, JJ., concur.