*In re* APPLICATION OF THE COUNTY TREASURER OF DU PAGE COUNTY— (F. J. SPACHMAN, Petitioner-Appellant, *v.* CHARLES E. OVERTON, Respondent-Appellee.)

(No. 72-148;

Second District—December 5, 1973.

*Supplemental opinion upon denial of rehearing February 13, 1974.*

Edmund Boland, of Carey, Filter & White, of Chicago, for appellant.

Rathje, Woodward, Dyer & Burt, of Wheaton, for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

The petitioner, F. J. Spachman, appeals from a judgment denying his petition for a tax deed and reinstating the redemption of Charles E. Overton, the respondent. The substantive question presented to this court is whether an assignee for security purposes of the beneficial interest in an Illinois land trust is entitled to redeem from a tax sale of the real estate which comprises the corpus of the land trust.

On November 8, 1967, the petitioner purchased two lots in Du Page County at the annual sale for delinquent taxes. Subsequently, a petition for tax deed was filed which named as defendants the Chicago Title & Trust Company under Trust No. 53127 as the owner, and the last assessee. The beneficiaries of the trust were impleaded as unknown owners; and occupants or parties in possession, spouses, assignees, grantees, heirs-at-law, devisees, legatees, judgment or decree creditors, if any, were impleaded as unknown owners generally.

It appears from the record that Burton R. Heatherly, the assignor and settlor of the trust, started construction on the real estate but thereafter sold and assigned his interest to the respondent, Charles E. Overton, for security purposes, prior to the expiration of the redemption period.

On January 13, 1970, two days prior to the expiration of the extended redemption date, Overton attempted to redeem from the sale in his own name. On February 25, 1970, petitioner filed a petition to expunge the redemption, claiming that Overton improperly redeemed from the sale since he did not have legal or equitable title to the property. An order was entered on the same date finding that respondent failed to appear, declaring the redemption null and void, and granting the petition to

expunge. Overton's motion to vacate the order was thereafter denied on April 7, 1970.

On April 29, 1970, respondent Overton filed a motion for a rehearing. Accompanying Overton's motion was a "Petition to Void Tax Sale" filed by Heatherly, who claimed he was not given proper notice of the tax sale. Petitioner filed a motion to dismiss the petition to void the tax sale. On July 28, 1970, the court found that it had erred in its prior orders and held the redemption valid. The orders of April 7, 1970, and February 25, 1970, were set aside and the redemption by respondent Overton was reinstated. The court's orders did not expressly dispose of Heatherly's petition to void the tax sale or directly deny the tax deed petition.

Petitioner filed a motion for reconsideration which was denied on November 23, 1970. He then filed a notice of appeal from the orders of July 28, 1970, reinstating the redemption, and November 23, 1970, denying reconsideration. Almost a year later on November 29, 1971, respondent Overton filed a motion in the trial court to dismiss the appeal for failure to file a timely record in the reviewing court. Before the motion was decided petitioner filed a short record docketing the case in this court on December 10, 1971. Respondent Overton did not move in this court to dismiss petitioner's appeal for failure to timely file a record before us. With the short record petitioner filed a motion to dismiss the appeal for lack of a final order. We ordered that appeal dismissed on December 15, 1971. On January 18, 1972, we denied a motion by respondent Overton to vacate the dismissal of the first appeal over his contention that, in effect, the original appeal was taken from a final order.

On February 15, 1972, petitioner filed a motion in the trial court to enter final judgment on the petition for the tax deed and on the petition of Heatherly to void the tax sale since neither petition had been specifically disposed of in the order reinstating the redemption. With a different judge presiding than the one who had entered the previous orders, the trial court ordered that the April 7, 1970 and the February 25, 1970 orders be set aside, that the redemption be reinstated, and that the petition for tax deed be denied. The court also found no just reason for delaying enforcement or appeal of the order. Petitioner has taken the present appeal from that order.

The threshold issue raised by respondent is whether due to the voluntary dismissal of the first appeal, the orders entered on July 28, 1970, and November 23, 1970, became res judicata on the theory that the appeal was from a final appealable order. If we were to find that the prior appeal was from a final appealable order, the instant appeal, prosecuted well over a year later, would come too late. (*In re Estate of Ireland* (1971), 132 Ill.App.2d 157.) Petitioner's reply is that his first appeal.

was not pursuant to a final appealable order because the petition for the tax deed and the petition to expunge the redemption, and also Heatherly's petition to void the tax sale filed in the same proceedings were still pending in the trial court.

We dismissed the first appeal for lack of a final appealable order pursuant to petitioner's motion, and also denied respondent's motion to vacate contesting our dismissal for want of an appealable order. Thereafter, we issued a mandate in that appeal on January 24, 1972, ending our jurisdiction in the cause. (See *People v. McCloskey* (1971), 2 Ill.App.3d 892, 898.) Regardless of its correctness our decision on the non-appealability of the orders in the first appeal is res judicata so that we are required to reach the merits of this appeal. *People ex rel Kastning v. Militzer* (1921), 301 Ill. 284, 287; *Kazubowski v. Kazubowski* (1970), 45 Ill. 2d 405, 414; see 46 Am.Jur.2d, Judgments secs. 477, 500, pp. 640-641, 656-57; Restatement, Judgments sec. 49, comment b.

Petitioner argues that respondent Overton as assignee for security purposes of a beneficial interest in a land trust, lacks standing to redeem from a tax sale of real estate. Specifically petitioner contends respondent is not a person interested in the real estate who has a right to redeem because (1) the beneficiary of a land trust has neither a legal nor equitable interest in the real estate which makes up the res of the trust; (2) such beneficiary is not entitled to notice of the tax deed petition; (3) such beneficiary is a stranger to record title; and (4) respondent is only a creditor with an unperfected security interest in the beneficial interest of the land trust. Respondent argues that he is entitled to redeem because different standards apply when interpreting who may redeem and who is entitled to notice; that a liberal construction of the constitutional and statutory right of redemption should be applied; and that by the operation of a land trust and as a practical matter the land trust beneficiary is a person interested in the real estate for the purpose of redemption.

Section 5 of article IX of the 1870 Illinois Constitution, as applicable, provides:

> "The right of redemption from all sales of real estate for the non-payment of taxes   *   *   *   shall exist in favor of owners and persons interested in such real estate   *   *   *. And the general assembly shall provide by law for reasonable notice to be given to the owners or parties interested   *   *   *." [1]

---

[1] Section 8(b) of article IX of the 1970 Illinois Constitution retains the phrase "persons interested in such real estate". The Verbatim Transcripts of the Sixth Illinois Constitutional Convention (Vol. III, pp. 1922-1923) indicate that the 1870 grant of redemption to owners and "persons interested in the real estate" is meant to be continued in the 1970 Constitution; and that what constitutes a person interested is largely a question of judicial interpretation. Vol. III, p. 1926.

The pertinent statutory provisions implementing the constitutional right of redemption do not specifically define who is entitled to redeem and who therefore has a redeemable interest. (See Ill. Rev. Stat. 1969, ch. 120, pars. 734, 744, 747.) Sections 263 and 266 of the Revenue Act of 1939 (Ill. Rev. Stat. 1969, ch. 120, pars. 744, 747) identify those entitled to notice in similar phraseology to that used in the constitutional provisions: "parties interested in such real estate, including trustees and mortgagees of record" (par. 744) and "persons interested in the real estate" (par. 747).[2]

■■ Courts look with favor upon redemption from tax foreclosure sales and unless injury is to result to the purchaser at the sale, a liberal construction will be given redemption laws. (*Franzen v. Donichy* (1956), 9 Ill.2d 382, 387; *People v. Hess* (1955), 7 Ill.2d 192, 198-199; *In re County Treasurer of Du Page County* (1965), 63 Ill.App.2d 135, 139.) Redemption, however, is a statutory privilege and must be exercised in substantial compliance with the statute. *Weiner v. Jobst* (1961), 22 Ill.2d 11, 16-17; *Hruby v. Steinman* (1940), 374 Ill. 465, 470.

■■ While a complete stranger has no right to redeem, the constitutional and statutory provisions "do not require complete legal title, but only an undefined 'interest' in the real estate". (*People v. Hess* (1955), 7 Ill.2d 192, 197.) The fact that a tax petitioner may be deprived of a deed cannot be considered as injury to him since his certificate of purchase gives him no legal or equitable title in the land and his right to the land is no higher or more sacred than to the redemption money. *Hruby v. Steinman* (1940), 374 Ill. 465, 470.

In a number of cases the courts have liberally upheld redemptions challenged on the ground that the redemptioner lacked sufficient interest in the real estate. In *Houston v. Buer* (1886), 117 Ill. 324, 329, color of authority to act for a person entitled to redeem was held sufficient without proof of strict legal agency. In *People v. Hess* (1955), 7 Ill.2d 192, 199, the stockholder of a defunct corporation whose shares were in the hands of nominees was held to be an equitable owner entitled to redeem real estate which was a corporate asset. In *Franzen v. Donichy* (1956), 9 Ill.2d 382, 387, a mere contract to convey gave the grantee an equitable interest which was held sufficient to enable him

---

[2] Section 253 of the Revenue Act (Ill. Rev. Stat. 1971, ch. 120, par. 734), has been amended by House Bill 1289 (P. A. 78—787) approved September 11, 1973, effective October 1, 1973, and is not applicable to this case. The amendment gives a presumption to the redeeming party that he redeems on behalf of a person interested in the property, and provides that no redemption shall be invalid for failure of the redeeming party interested to have an interest of record, except for undisclosed beneficiaries of Illinois land trusts.

to redeem. In *In re Application of County Collector* (1966), 72 Ill.App.2d 272, 277, an executor or administrator authorized to pay real estate taxes for the estate was held to have sufficient interest in the real estate to redeem. And this court has held that the grantee of an heir of the contract purchaser who received no deed had the necessary quality and quantity of interest to permit redemption. *In re Application of County Treasurer of Du Page County* (1965), 63 Ill.App.2d 135, 139.

We are mindful of the fact that under Illinois law the land trust beneficiary has neither a legal nor an equitable interest in the real estate conveyed in trust. (Ill. Rev. Stat. 1971, ch. 29, par. 8.31; *Chicago Federal Savings & Loan Ass'n v. Cacciatore* (1962), 25 Ill.2d 535, 543; *Horney v. Hayes* (1957), 11 Ill.2d 178, 183; *Levine v. Pascal* (1968), 94 Ill.App.2d 43, 50.) Under the terms of the land trust agreement and the applicable law, however, the beneficiary has exclusive power to direct or control the trustee in dealing with the title to the land, and exclusive control of the management, operation and selling, together with the exclusive right to the earnings, avails and proceeds of the property. (Ill. Rev. Stat. 1971, ch. 29, par. 8.31.) A beneficiary may be held liable for negligence in connection with the possession and maintenance of the trust res (*Brazowski v. Chicago Title & Trust Co.* (1935), 280 Ill.App. 293, 305); and the beneficiary may be liable in a dram shop action. *Robinson v. Walker* (1965), 63 Ill.App.2d 204.

● 4 We therefore conclude that although the beneficiary of a land trust has no legal or equitable estate in the subject real estate, he is a "person interested" in the real estate and has an "interest" in the land sufficient to permit him to redeem. (*People v. Hess* (1955), 7 Ill.2d 192, 197.) Construing the right of redemption to extend to land trust beneficiaries is consistent with section 5 of article IX of the 1870 Constitution which uses the more informal phrase "persons interested in the real estate" rather than a more precise phrase such as "persons having a legal or equitable interest in the real estate", which conceivably might have been used if strict legal or equitable interests were intended.

■■ That the land trust beneficiary is not entitled to notice of tax sale proceedings (*In re Application of County Treasurer* (1969) 113 Ill.App. 50; *Petition of Lois, Inc. v. Halvorsen* (1971), 5 Ill.App.3d 149) does not require a contrary result. We perceive a rational basis for defining the right to redeem in broader terms than the right to receive notice. To make tax sales practical and thus accomplish the purposes of the Revenue Act, the tax deed purchaser must have a limited, definite and clearly identifiable group of persons to whom notice must be given. (See *Glos v. Evanston Building & Loan Ass'n* (1900), 186 Ill. 586, 591.) The same reasons do not apply to restrict the classes of persons who would redeem. (Com-

pare *In re Application of County Collector* (1966), 72 Ill.App.2d 272 *In re Estate of English* (1962), 24 Ill.2d 357. See *People v. Hess* (1955), 7 Ill.2d 192.) Moreover, notice provisions must be *strictly* complied with before one's property may be forfeited in a tax deed proceeding at the instance of the purchaser who otherwise has no interest in the property. (Ill. Rev. Stat. 1971, ch. 120, par. 747; *Clark v. Zaleski* (1911), 253 Ill. 63, 74; *In re Application of County Treasurer of Lake County* (1973), 12 Ill.App.3d 12, 297 N.E.2d 213, 217.) The right to redeem is *liberally* construed to protect persons who are not strangers to the property but who have an interest which it would be unjust to forfeit by narrow construction of the right of redemption. *Franzen v. Donichy* (1956), 9 Ill.2d 382.

We also agree with the trial court that *Weiner v. Jobst* (1961), 22 Ill. 2d 11, does not require a different conclusion. In *Weiner,* the trustee had no record title at the time the redemption was attempted by the agent of the trustees, and the defect was not corrected until the expiration of the period of redemption. (See *In re Application of County Treasurer of Du Page County* (1965), 63 Ill.App.2d 135, 138.) Here, there was no defect shown in the record title of the trustee when the assignee of the beneficiary redeemed.

■■ In *People v. Hess* (1955), 7 Ill.2d 192, specifically relied on in *Weiner,* the land sought to be redeemed was formerly owned by a corporation which became defunct. Stock in the corporation was in the hands of nominees of the person redeeming. The redemption was upheld despite the obvious fact that the redemptioner was not in the record chain of title. Reconciling these two Supreme Court cases leads us to conclude that the beneficiary of a land trust, who similarly is not a titleholder of record but who has the right to control the trustee of record pursuant to the land trust agreement also has a sufficient interest to permit him to redeem. Similarly we note that in *Mid-America Investment Corp. v. Larry Corp.* (1973), 14 Ill.App.3d 765, *Weiner* was distinguished because the break in the record chain of title of the redemptioner in *Weiner* occurred prior to the conveyance of the subject property to a trust, and not after as it did in *Mid-America.*

In his final contention petitioner admits that the assignment for security purposes of the beneficial interest in a land trust creates a security interest governed by Article 9 of the Uniform Commercial Code (*Levine v. Pascal* (1968), 94 Ill.App.2d 43), but argues that since respondent Overton failed to file a financing statement to perfect his security interest, Overton is merely a creditor with an unperfected security interest thereby lacking sufficient interest to redeem. In his reply brief petitioner expands his argument by stating that Overton can exercise no right in or

to the trust and has no authority to direct the trustee until the security interest is foreclosed to satisfy the debt.

■■ Lack of perfection of a security interest under Article 9 of the Uniform Commercial Code relates only to priority over other creditors' interests in the collateral. (Ill. Rev. Stat. 1971, ch. 26, pars. 9—301, 9—312; 69 Am.Jur.2d, Secured Trans. sec. 379.) The security agreement between the parties themselves and the secured party's rights over the collateral as against the debtor are unaffected by failure to perfect the security interest. Ill. Rev. Stat. 1971, ch. 26, pars. 9—201, 9—204, 9—501; 69 Am. Jur.2d, Secured Trans., sec. 379.

If the beneficiary of a land trust has a redeemable interest in the land comprising the corpus of the trust it logically follows in our minds that the assignee for security purposes of the beneficial interest in the land trust likewise has standing to redeem from a tax sale of the land.

■■ As a practical matter, the assignee for security purposes of a beneficial interest in a land trust, in order to protect his security certainly would be a "person interested" in the land, since the land might otherwise be lost to the tax sale purchaser. In reliance on the security provided by the assignment of the beneficial interest, respondent Overton may have expended large sums of money to finance the construction which apparently has taken place on the land.

Finally, we can see no justifiable interest furthered by restricting the scope of those who may redeem from tax sales to exclude persons such as respondent Overton. Overton is not a mere stranger to the land, but rather is a person interested in the land aside from the tax sale proceedings. The tax is paid, the certificate holder is reimbursed, and a forfeiture is avoided. The purchaser of the certificate at a tax sale knows that the land may be redeemed within the period specified. In fact in only a small percentage of all tax sales is the land ever forfeited. See *Verbatim Transcripts of the Sixth Illinois Constitutional Convention, Record of Proceedings,* Vol. III, p. 1922-3.

Under these circumstances we can only conclude that a proper construction of the constitutional right of redemption requires that the judgment below reinstating the redemption be affirmed.

Affirmed.

T. MORAN and CRAVEN, JJ., concur.

### SUPPLEMENTAL OPINION

Petitioner-appellant has filed a petition for rehearing urging, *inter alia,* that we consider the impact of House Bill 1289 (P.A. 78—787) amending section 253 of the Revenue Act (Ill. Rev. Stat. 1971, ch. 120, par.

734). He argues that the amendment (which we referred to in a footnote to our opinion) amounts to a legislative declaration of the meaning of the term "persons interested in such real estate" which is binding upon this court in the present case. We do not agree.

Statutes are not generally given retrospective effect. (*In re Application of County Treasurer of Cook County* (1973), 14 Ill.App.3d 1062, 304 N.E.2d 9, 12.) Although we do not disagree with the general proposition that subsequent law may be used where appropriate to define pre-existing law (*see e.g., Rauland Division, Zenith Radio Corp. v. Metropolitan Sanitary District* (1973), 9 Ill.App.3d 864, 868; *Bruni v. Department of Registration and Education* (1972), 8 Ill.App.3d 321, 326), the application of P.A. 78—787 to the instant case to preclude an undisclosed land trust beneficiary from redeeming is mistaken in our view, since the new act appears to be an attempt to change the law rather than to define it.

P.A. 78—787 in effect implements the constitutional right of redemption of owners and persons interested in the real estate, except that the bill, now law, excludes undisclosed beneficiaries of Illinois land trusts from any right of redemption. The new law distinguishes between disclosed and undisclosed land trust beneficiaries, and at the same time provides that the redemptioner needs no record title to the land. The act clearly shows a policy, not heretofore existent, against undisclosed land trust beneficiaries. At the same session of the General Assembly, another law aimed at undisclosed land trust beneficiaries was passed. See P.A. 78—903, effective Oct. 1, 1973 (beneficiary must be disclosed when applying to state for any benefit, permit, or license relating to the land).

■■ The fact that the constitutional reference to "persons interested in such real estate" (1970 Illinois Constitution, article IX, section 8(b)), makes no distinction between disclosed and undisclosed interests, is a further indication that the legislative amendment is an attempt to change the law. Holding, as we do, that the amendment is not applicable we do not reach the further question of its constitutionality which would otherwise be involved.

Other points raised in the petition have been considered and are without sufficient merit to modify our original opinion.

The petition for rehearing therefore is denied.