WILLIAM G. HANSEN, Plaintiff-Appellant, *v.* THE NATIONAL BANK OF ALBANY PARK IN CHICAGO, Trustee, Defendant-Appellee.

Second District   No. 77-115

Opinion filed May 8, 1978.

Murray McGuire, of McGuire, Bishop & Kelly, of Crystal Lake, for appellant.

Michael T. Caldwell, of Caldwell, Berner & Caldwell, of Woodstock, for appellee.

Mr. JUSTICE BOYLE delivered the opinion of the court:

The plaintiff-appellant, William G. Hansen, hereafter the plaintiff, filed a suit in McHenry County circuit court to quiet title to a certain

triangularly shaped piece of property, hereafter referred to as parcel 7. The record title holder is the defendant-appellee, the National Bank of Albany Park in Chicago, hereafter the defendant, who holds the property in trust for David Heuvelman. The plaintiff claims title to the land became vested in him by adverse possession. A bench trial was held before the Honorable William J. Gleason, who ruled in the defendant's favor, finding that the plaintiff has not established his claim of ownership of parcel 7 by adverse possession. The plaintiff has appealed, raising two contentions. First, the plaintiff asserts that he may tack the possession of his predecessor's tenant farmer on to his possession to establish the necessary 20-year period of possession. Secondly, the plaintiff asserts that he proved he had established adverse possession of parcel 7 for the necessary 20 years.

Upon reviewing the record and weighing the arguments presented, we are of the opinion that the judgment of the circuit court of McHenry County should be affirmed.

Parcel 7 was once a part of a railroad right-of-way which has long since been abandoned. Parcel 7 is triangular in shape. One side is bounded by a public highway. The second side is bounded by a fence line which marked where the Chicago & North Western Railroad once had its tracks. The third side is bounded by a field that is part of the plaintiff's farm. The record reveals that parcel 7 and the adjacent farm fields have been treated as one field by whomever was farming the land. Generally the entire field was used as a pasture for dairy cattle, but for a few years the entirety was cultivated.

The plaintiff bought his farm in 1967. The deed conveying it to him specifically excluded parcel 7 from the legal description of the farm. The previous owner had not personally farmed the land but had rented it to a tenant who farmed it. The tenant farmer had treated parcel 7 and the adjacent field as one field. The plaintiff seeks to tack on the tenant's years of use of parcel 7 to his own to reach the statutorily required period of 20 years of adverse possession. Section 1 of "An Act in regard to limitations" (Ill. Rev. Stat. 1973, ch. 83, par. 1).

At no time prior to December 1973 did any record owner of parcel 7 object to its use by the plaintiff or his predecessors as part of a farm field.

■■■ First, we deal with the plaintiff's contention that he proved he acquired title to parcel 7 by holding it by adverse possession for the requisite 20 years. We do not agree. To acquire title by adverse possession, the possession must be: (1) hostile or adverse; (2) actual; (3) visible, notorious and exclusive; (4) continuous; and (5) under claim of ownership. (*Baumann v. Lawndale National Bank* (1977), 45 Ill. App. 3d 328, 359 N.E.2d 1086.) We find that the plaintiff did not establish hostile or

adverse possession of parcel 7 for the requisite 20 years. When plaintiff purchased his farm in 1967, the deed conveying the land to him specifically excluded parcel 7. That specific exclusion put the plaintiff on notice that he was not the record title holder of parcel 7 when he came into possession of his farm and began his use of parcel 7. When an adverse claimant comes into possession of land thinking that he is not the record title holder, such possession lacks the requisite hostility for obtaining title by adverse possession. *Lemont National Bank v. Boza* (1965), 65 Ill. App. 2d 1, 213 N.E.2d 72.

■■  The exclusion of parcel 7 from the deed by which the plaintiff acquired his farm has also tolled the running of the period of limitations since the conveyance. We base this finding on *Jacobi v. Jacobi* (1931), 345 Ill. 518, 178 N.E. 88. There Mr. and Mrs. Jacobi held a certain 12½-acre tract of land by adverse possession from 1892 until 1905. In 1905 they agreed to the entry of a decree declaring Marie Lomax, Robert D. Lomax and James Wright to be the true owners of the 12½ acres. Nonetheless, the Jacobis continued their use of the land just as they had done prior to the entry of the decree. Apparently this use continued until 1929 when Mr. Jacobi sought to have the 12½ acres partitioned. His action was dismissed on the grounds that neither he nor his wife had any interest in the land. In affirming the dismissal, the Illinois Supreme Court held that the 1905 decree had extinguished the Jacobis' claim of adverse possession. The court went on to hold that a substantial change in the character of the Jacobis' possession was necessary to commence the running of the statute after the entry of the decree to which they had consented. Since there was no such possession change, the statute did not begin to run again. We find the exclusion in the deed by which the present plaintiff took his farm to be analogous to the 1905 decree in the *Jacobi* case. Both facts recognize that someone else was the rightful owner of the land sought to be claimed by adverse possession. Since this record reveals that the plaintiff did not alter the use his predecessor had made of parcel 7, we hold that there was no substantial change in the character of the possession of parcel 7 and, therefore, the statute has not begun to run.

■■■  Furthermore, the record reveals that the use to which the plaintiff and his predecessors put the property was in no way adverse to or inconsistent with the ownership of the defendant or his predecessor, the Chicago & North Western Railroad, as is evidenced by the fact that there never was any objection to the use they made of it. It is uncontradicted that no prior owner had ever objected to such use or uses. In *Baumann v. Lawndale National Bank*, 45 Ill. App. 3d 328, this court held:

> "Where the original possession is permissive and consistent with the title of the record owner it will not become adverse until the party in possession has repudiated the permissive character of the

occupation by acts which clearly indicate he claims title. [Citation]." (45 Ill. App. 3d 328, 332.)

In the case at hand, the record before us fails to reveal any such repudiation of the permissive character of the plaintiff's occupation. Hence, the plaintiff's possession was not adverse.

The plaintiff having failed to establish adverse possession for the requisite 20 years, we accordingly affirm the judgment of the circuit court of McHenry County.

Judgment affirmed.

SEIDENFELD, P. J., and RECHENMACHER, J., concur.