98 Ill. App.3d 950 (1981)
424 N.E.2d 1204
In re APPLICATION OF DU PAGE COUNTY COLLECTOR.  (EDWIN W. FRON et al., Petitioners-Appellees,
v.
LONNIE BODOH et al., Respondents-Appellants.)
No. 80-408.
Illinois Appellate Court  Second District.
Opinion filed July 29, 1981.
*951 Marco and Mannina, of Downers Grove, for appellants.
Melvin M. Landau, of Chicago, for appellees.
Reversed and remanded.
Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:
Whether a party who claims by adverse possession has a sufficient "interest" in real estate to redeem from a tax sale is the principal issue in this appeal. The petitioners, Edwin W. Fron and LaVada H. Fron (Fron), who had purchased delinquent taxes at an annual sale and thereafter perfected their right to a tax deed, filed suit to vacate the tax redemption by Lonnie Bodoh and Betty Lou Bodoh (Bodoh) and to thereby obtain a tax deed. The trial court after hearing evidence found for Fron and ordered that the tax deed issue. Bodoh appeals.
The parties are neighbors in Downers Grove. There is a vacant lot between their respective residences. The dispute involves the south half of the vacant lot.
The Bodohs moved into their home on lot 4 in October 1954. They purchased the lot from Mrs. Bodoh's parents, who had been using approximately 12 feet of the neighboring lot as additional yard area prior to the sale of the property. Shortly thereafter Bodoh cleared the remaining part of the south half of lot 3. From 1955 on, according to Bodoh, they cared for the property and used it as an extension of their lawn. In approximately 1962, Fron moved into the residence on lot 2. In 1970 approximately Fron purchased the north half of lot 3. In 1977, Fron purchased the south half of lot 3 in a tax sale. On April 17, 1979, prior to the running of the redemption period, Bodoh attempted to redeem the property. After the redemption period had run, Fron filed a petition for deed asking that the court set aside the attempted redemption and issue a tax deed to him. Bodoh responded to the petition by alleging that they are the true owners of the real estate by adverse possession or have an "interest" in the real estate because of their adverse possession. A trial on the petition was held on December 13, 1979, after which the trial judge found that Bodoh was not an adverse possessor and therefore their attempted redemption was invalid. Bodoh filed a motion for a new trial, which was denied. Bodoh appeals from the original judgment and from the denial of their motion for a new trial.
The statute providing for redemption of property which has been sold for taxes states:
"Real property sold under the provisions of this Act may be *952 redeemed by owners and persons interested in the real estate, other than undisclosed beneficiaries of Illinois land trusts, whether or not the interest in the property is recorded or filed. * * * any redemption made shall be presumed to have been made by or on behalf of the owners and persons interested in the real property and shall inure to the benefit of the person having the legal or equitable title to the property redeemed, subject to the right of the person making the redemption to be reimbursed by the person benefited, and no redemption shall be held invalid by reason of the failure of the person redeeming to have an interest of record in the property redeemed, other than undisclosed beneficiaries of Illinois land trusts." (Ill. Rev. Stat. 1979, ch. 120, par. 734.)
The right of owners and persons interested in such real estate to redeem for not less than two years following a tax sale is also protected by the 1970 Illinois Constitution, article IX, section 8(b).
 1 The general rules concerning redemption of property at a tax sale are well settled. A stranger to the property has no right to redeem property sold for delinquent taxes. However, legal or record title is not required of the person seeking to redeem; he need only have an undefined interest in the property. (In re Application of County Treasurer (1965), 63 Ill. App.2d 135, 137; People v. Hess (1955), 7 Ill.2d 192, 197.) The person alleging the right to redeem bears the burden of showing he is a proper person to redeem under the law. (Hess, at 197.) The right of a holder of a tax certificate after a tax sale to get a deed is subservient to the right of the owner or person interested in the property to redeem. (In re Application of County Treasurer (1973), 16 Ill. App.3d 385, 389.) Redemptions are looked upon with favor, and, unless injury results to the purchaser at the sale, a liberal construction will be given to redemption laws. (Franzen v. Donichy (1956), 9 Ill.2d 382, 387; In re Application of County Treasurer (1965), 63 Ill. App.2d 135, 139; In re Application of County Treasurer (1973), 16 Ill. App.3d 385, 389.) The mere failure of the tax certificate holder to get a deed does not injure him, since the purchaser recovers the amount paid for the certificate from the court after the redemption. In re Application of County Treasurer (1965), 63 Ill. App.2d 135, 139-40; In re Application of County Treasurer (1973), 16 Ill. App.3d 385, 392.
There are no cases in Illinois ruling on the issue of whether or not an adverse possessor is an "owner or person interested" under the statute.[1] It *953 is clear, however, under Illinois law that persons other than the record title holder may redeem. In Houston v. Buer (1886), 117 Ill. 324, an agent with apparent but not legal authority to act for an owner was permitted to redeem. In People v. Hess (1955), 7 Ill.2d 192, a beneficial owner of stock held in the name of nominees was held to be able to redeem real estate owned by a dissolved corporation, even though the property was not listed as an asset in the dissolution of the corporation. In Franzen v. Donichy (1956), 9 Ill.2d 382, the right of redemption was granted to an equitable title holder under an agreement to convey. A grantee of an heir of a contract purchaser who received no deed was given the right to redeem in In re Application of County Treasurer (1965), 63 Ill. App.2d 135. The executor of an estate was given the right to redeem in In re Application of County Collector (1966), 72 Ill. App.2d 272. In In re Application of County Treasurer (1973), 16 Ill. App.3d 385, an assignee of a beneficial interest in a land trust for security purposes was permitted to redeem. A neighbor who sought to purchase a lot from a mortgagee was held to have acted as an agent for the mortgagee in redeeming the property in Purdy v. C.H. Strong Elevator, Inc. (1975), 29 Ill. App.3d 894. In In re Application of County Collector (1977), 49 Ill. App.3d 1048, the court permitted a redemption by a person who had lived on the property for more than 30 years and had record interest in the property for more than 20 years, even though the property was then held by a land trust to secure a loan and therefore the redeemer was no longer a record title holder.
 2 If the respondents were in fact adverse possessors, clearly they had the right to redeem since they are "owners" as required by the statute. This conclusion has been reached in numerous jurisdictions that have addressed the question of whether adverse possessors should have the right to redeem. (See cases cited in Annot., 164 A.L.R. 1285 (1946).) It seems especially important that adverse possessors be given the right to redeem, since dicta in Illinois Railway Museum, Inc. v. Siegel (1971), 132 Ill. App.2d 77, 80-83, suggests that a failure to raise an adverse possession claim at the time the tax deed is issued may toll the running of the statutory period for adverse possession or may estop an adverse possessor from asserting title.
 3 Proceedings to vacate a redemption, however, are not designed nor appropriate for trying substantial disputes as to title: the issue is simply whether the party has shown a sufficient "interest" to give him a right to redeem under the statute. An unsubstantiated claim that one has an interest which has or could ripen into title by adverse possession would not, in our view, be a sufficient showing of the required interest in the property. However, the trial court properly viewed the taking of evidence on the issue of adverse possession to be related to the right to redeem and not for the purpose of establishing title.
*954 The Bodohs testified that they moved into lot 4 adjoining the subject property in October of 1954 and have resided there since that time. Previously, since 1945, Mrs. Bodoh's parents owned lot 4. The Bodohs knew the boundaries of the disputed south half of lot 3. They had no permission to use the lot, which was overgrown when they moved in, but over the years they placed rock gardens, trees, a tree house, a vegetable garden and play ground equipment on the south half of lot 3. After 1954 no one else used or claimed the property. The use as an integral part of their adjoining property was continuous and obvious to the neighbors. Between five and eight years ago Fron, who had purchased the north half of lot 3, placed a fence separating the north half from the disputed south half. Prior to that, Bodoh had mowed the entire 50 feet of lot 3. They testified that Mr. Fron asked their permission to put some dirt on the disputed property subsequent to that time. Mr. Bodoh also testified to a conversation with Mr. Fron in approximately 1970 in which Fron indicated he would buy the north half of lot 3, which was owned by a bank, and Mr. Bodoh told Fron that he would buy the south half, which was "up for taxes," "as soon as I get the money together to redeem." The Bodohs testified that they did not pay taxes each year on the disputed property because they understood that they would first have to pay delinquent taxes for previous years.
Fron testified that he did not recall asking Bodoh for permission to put some dirt on the disputed property. He admitted that the disputed property appeared to be part of Bodoh's adjoining lot. He testified that in 1963 or 1964 he told Bodoh that he wanted to buy the north half of lot 3. Some time later he said he told Bodoh that he would like to buy the south half for taxes and freeze out the north half in order to purchase it as a scavenger lot. He testified Bodoh told him he had talked to a lawyer and that the lawyer had told him he could use the lot as long as he wanted to and then he could buy it whenever he wanted but not to buy it unless he wanted it. He testified after he had purchased the taxes on the property Bodoh approached him and told him that he had always wanted to buy that lot and threatened not to give up the lot without a fight. He said he never told Bodoh that he had purchased the south half of lot 3 for back taxes.
The trial judge in his memorandum of decision indicated that he had found insufficient proof of adverse possession because Bodoh had not established hostile or adverse possession of the property, stating, "When an adverse claimant comes into possession of land thinking that he is not the record title holder, such possession lacks the requisite hostility for obtaining title by adverse possession." The trial court made no specific findings of fact.
 4-6 In making his finding the trial judge relied on dicta in Hansen v. *955 National Bank (1978), 59 Ill. App.3d 877. However, the dicta has been rejected by specific reference in Joiner v. Janssen (1981), 85 Ill.2d 74. In Joiner, the court held that an adverse claimant who comes into possession of land thinking that he is not the record holder may still hold adversely to the true title holder. (Joiner, at 80-81.) Joiner summarizes the rules for adverse possession as requiring continuous, hostile or adverse, actual, open, notorious, and exclusive possession of premises under claim of title inconsistent with that of the true owner. (Joiner, at 81.) Of these elements only two are actually in dispute here: whether the possession was hostile and whether it is under claim of right. The necessary hostility does not imply ill-will, but only the assertion of ownership incompatible with that of the true owner and all others. (Joiner, at 81; see also Wijas v. Clorfene (1970), 126 Ill. App.2d 315, 320.) Where land is part of the city lot adjoining the lot of the adverse possessor, use of that property as a yard, garden, or even dumping ground is sufficient to constitute possession. Joiner, at 79-80; see also Chicago & Northwestern Ry. Co. v. Kennedy (1931), 344 Ill. 309, 318. See also Hankins v. Pontoon Beach Amusement Park, Inc. (1975), 28 Ill. App.3d 512, 513-14.
 7 While the payment of taxes is a fact to be considered in weighing an adverse possession claim (Wijas v. Clorfene (1970), 126 Ill. App.2d 315, 322), the payment of taxes is not necessary when the adverse possessor is claiming under the 20-year statute of limitations. Brosie v. Borrowman (1975), 29 Ill. App.3d 936, 937.
Bodoh's acknowledgment that title rested in the true owner does not therefore void the adverse possession claim; nor does the acknowledgment of Mr. Bodoh that he must "buy" or "redeem" the lot for taxes. "Using and controlling property as an owner is the ordinary mode of asserting a claim of title * * *." Leonard v. Leonard (1938), 369 Ill. 572, 577.
 8 The record before us supports a conclusion that a prima facie case of adverse possession in its essential elements has been shown. We conclude that Bodoh has provided sufficient proof to establish an interest in the disputed property entitling a redemption under the claim of adverse possession. We expressly confine our ruling to the facts before us. We do not rule that a prima facie case is always necessary to show sufficient interest to redeem, only that such proof is sufficient, as here, to show the necessary interest. Also, we do not decide whether the proof would be sufficient to overcome the presumption in favor of a legal title holder. (See, e.g., White v. Harris (1904), 206 Ill. 584, 592.) Here, the party opposing the adverse possession is not the title holder, but merely a tax certificate holder; the action is not to determine title of the property; and the reason for the presumption in favor of the title holder is not present. We therefore reverse the judgment of the trial court and remand the cause *956 with directions that a judgment be entered directing the county clerk to allow redemption and to vacate the order that the tax deed issue.
Reversed and remanded with directions.
LINDBERG and REINHARD, JJ., concur.
NOTES
[1] In Scales v. Mitchell (1950), 406 Ill. 130, 135, the supreme court noted as a factual matter that an adverse possessor had made redemptions from tax forfeitures which occurred during the running of the 20 year period. Although the legality of these redemptions was not in issue, the Court expressed no surprise at these redemptions by an adverse possessor. See also In re Application of County Treasurer (1973), 14 Ill. App.3d 765, in which the defendant relied both on a lost deed and on adverse possession for his alleged right to redeem, although this issue was not reached directly in the opinion.