MANUEL MONREAL, Petitioner-Appellant, v. SALVATORE SCIORTINO, Respondent-Appellee.

First District (3rd Division)   No. 1—91—2763

Opinion filed November 12, 1992.

Steven A. Salzman, of Schmidt & Salzman, Ltd., of Chicago, for appellant.

William O. Krohn, of Krohn & Jenkins, of Chicago, for appellee.

PRESIDING JUSTICE GREIMAN delivered the opinion of the court:

Petitioner, Manuel Monreal, appeals the circuit court's order denying his motion to expunge the redemption made by respondent, Salvatore Sciortino, following petitioner's purchase of certain property at a tax sale under the Revenue Act of 1939 (the Act) (Ill. Rev. Stat. 1989, ch. 120, par. 482 *et seq.*).

The sole issue on appeal is whether or not respondent was entitled to redeem the subject property.

We find that respondent falls within the category of persons entitled to redeem, and thus, we affirm.

On April 19, 1988, petitioner purchased two vacant lots which were sold for delinquent taxes pursuant to the Act. These two lots are the subject of this appeal and are identified as permanent index Nos. 16—26—424—045 and 16—26—424—047.

Petitioner also purchased another vacant lot identified as permanent index No. 16—26—424—046, which is located between the two above-identified lots. Lot No. 6—26—424—046 was not redeemed and is not at issue.

On April 19, 1990, petitioner filed a petition for a tax deed and then, as required by the Act, caused notice to be served upon the owners, occupants, and parties interested in the subject property. Respondent was among those parties served notice.

Respondent redeemed the subject property in a timely manner. Thereafter, petitioner filed a motion to expunge the redemption claiming that respondent was not a party interested in the real estate entitled to redeem within the meaning of the Act.

In response to petitioner's motion, respondent asserted that he made the redemption to protect his ownership interest in the property, which was the subject matter of his complaint to establish a trust and filed in chancery on March 14, 1985. In his pending 1985 complaint, respondent claimed that he was an owner of an undivided one-half interest in the property. A *lis pendens* notice of the chancery action was recorded in March 1985.

On June 21, 1991, a court order was entered in the chancery action declaring respondent to be an owner in the subject property as to an undivided one-half interest.

On August 5, 1991, following a hearing, the circuit court denied petitioner's motion to expunge redemption and found that respondent

had sufficient interest to redeem. This August 5, 1991, order is the subject of the present appeal.

Petitioner now contends that the chancery court order cannot constitute a prior judgment for *res judicata* or estoppel by judgment purposes so as to establish respondent's ownership interest in the tax deed proceeding because (1) the chancery order was a default judgment and thus was not a judgment on the merits where the question was actually litigated; and (2) petitioner was not a party to the chancery proceedings. Petitioner argues that he has been substantially harmed because he made improvements on the subject property which he used as a parking lot to accommodate patrons of his nightclub. Petitioner asks this court to remand the matter for an evidentiary hearing to require respondent to substantiate his claim to the property rather than relying upon the chancery court order.

Respondent contends that neither the Act nor the Illinois Constitution requires more than an interest in the real estate on the part of the redeeming party. Respondent argues that sufficient interest in the property was established by (1) the chancery decree, which is not subject to collateral attack in the tax deed proceeding; and (2) the *lis pendens* notice, recorded in March 1985, of the chancery proceedings. Respondent further argues that a default judgment is entitled to the same kind of recognition as any other judicial determination.

■ Both the Illinois Constitution and the Act establish the right of redemption from tax sales of property to "persons interested" in the property. Section 8(b)(1) of article IX of the Illinois Constitution provides:

> "(b)(1) The right of redemption from all sales of real estate for the non-payment of taxes * * * shall exist in favor of owners and *persons interested* in such real estate for not less than two years following such sales." (Emphasis added.) Ill. Const. 1970, art. IX, §8 (as amended eff. Jan. 1, 1981).

In accordance with these constitutional principles, section 253 of the Act provides:

> "Real property sold under the provisions of this Act may be redeemed by owners and *persons interested* in the real estate, other than undisclosed beneficiaries of Illinois land trusts, whether or not the interest in the property is recorded or filed." (Emphasis added.) Ill. Rev. Stat. 1987, ch. 120, par. 734.

The issue in a proceeding to vacate a redemption is simply whether the redeeming party has shown a sufficient interest to give him a right to redeem under the statute. *In re Application of*

*Du Page County Collector* (1981), 98 Ill. App. 3d 950, 953, 424 N.E.2d 1204 (*Fron v. Bodoh*) (an adverse possessor has the right to redeem).

■■ Courts have held that the following persons have possessed an interest sufficient to allow a right to redeem: an adverse possessor (*Du Page County Collector*, 98 Ill. App. 3d 950, 424 N.E.2d 1204); an agent with apparent authority to act for an owner (*Houston v. Buer* (1886), 117 Ill. 324, 7 N.E. 646); a beneficial owner of stock owned by a dissolved corporation even though the property was not listed as an asset in the dissolution of the corporation (*People v. Hess* (1955), 7 Ill. 2d 192, 130 N.E.2d 280); an equitable title holder under an agreement to convey (*Franzen v. Donichy* (1956), 9 Ill. 2d 382, 137 N.E.2d 825); a grantee of an heir of a contract purchaser who received no deed (*In re Application of the County Treasurer* (1965), 63 Ill. App. 2d 135, 211 N.E.2d 127); the executor of an estate (*In re Application of the County Collector for Judgment & Sale Against Lands & Lots Returned Delinquent for Nonpayment of General Taxes for the Year 1961 & Prior Years* (1966), 72 Ill. App. 2d 272, 218 N.E.2d 244); an assignee of a beneficial interest in a land trust (*In re Application of the County Treasurer* (1973), 16 Ill. App. 3d 385, 306 N.E.2d 743); a neighbor seeking to purchase a lot from a mortgagee acted as an agent for the mortgagee (*Purdy v. C.H. Strong Elevator, Inc.* (1975), 29 Ill. App. 3d 894, 331 N.E.2d 630); and a person who had lived on the property for more than 30 years even though he was no longer a record title holder (*In re Application of County Collector* (1977), 49 Ill. App. 3d 1048, 365 N.E.2d 697). See *Du Page County Collector*, 98 Ill. App. 3d at 953 (and cases cited therein).

Clearly, neither the constitution nor the Act nor case law requires a property interest be established so that it would rise to the level of ownership. Instead, a redeemer need only have an undefined interest in the real estate. *In re Application of Anderson* (1987), 162 Ill. App. 3d 815, 828, 516 N.E.2d 860.

■ The established framework for redemption accords with the public policy which looks favorably upon redemption from tax foreclosure sales and requires the liberal construction of redemption laws. *In re Application of the County Collector for Judgment Order of Sale Against Lands & Lots Forfeited for Nonpayment of General Taxes & Special Assessments for the Year 1985 and Prior Years* (1991), 220 Ill. App. 3d 933, 936, 581 N.E.2d 367 (*Ohr v. Travelers Mortgage Services, Inc.*).

■ We find that respondent's interest as claimed through his chancery complaint which was filed three years before petitioner purchased the subject property for delinquent taxes and as decided by

the chancery court in June 1991 was certainly sufficient to entitle him to the right of redemption. Even if there had been no declaration of title by the chancery court, respondent would probably have had a sufficient interest to allow him to exercise rights of redemption.

We reject petitioner's argument that he was substantially harmed as a taxbuyer. The right of a holder of a tax certificate to receive a deed is subservient to the right of a person interested in the property to redeem. (*Du Page County Collector*, 98 Ill. App. 3d at 952.) "The mere failure of the tax certificate holder to get a deed does not injure him, since the purchaser recovers the amount paid for the certificate from the court after the redemption." (*Du Page County Collector*, 98 Ill. App. 3d at 952.) Petitioner, as holder of the tax certificate, may not assert any equitable claims for improvements made to the premises and his position is in no way enhanced by such effort.

We also reject petitioner's contention that an evidentiary hearing should have been held in the circuit court proceedings because proceedings to vacate a redemption are not designed or appropriate for trying substantial disputes as to titles. *Du Page County Collector*, 98 Ill. App. 3d at 953.

Moreover, we disagree with petitioner's assertion that respondent's ownership interest is somehow tainted because the chancery court order was a default judgment. Judgments by default have the same validity and force as those rendered upon a trial of the issues. *Menconi v. Davison* (1967), 80 Ill. App. 2d 1, 6, 225 N.E.2d 139.

We also note that neither the State Constitution nor the Act requires the property interest claimed by a person seeking to redeem to be recorded or filed. However, in the present case, respondent clearly made his interest known by recording a *lis pendens* notice of the chancery action. Apparently, respondent's interest was such that petitioner believed him to be a necessary party to be served.

The *lis pendens* doctrine operates to avoid endless litigation of property rights (*Admiral Builders Corp. v. Robert Hall Village* (1981), 101 Ill. App. 3d 132, 136, 427 N.E.2d 1032), and any one who acquires a right or interest in property during the pendency of a suit concerning it is bound by the result of the action. (*O'Laughlin v. City of Chicago* (1976), 65 Ill. 2d 183, 193, 357 N.E.2d 472.) Since the principle of *lis pendens* operates *in rem*, persons not parties to the litigation and not even subject to the jurisdiction of the court in the case are bound. *Allen & Korkowski & Associates v. Pettit* (1982), 108 Ill. App. 3d 384, 389, 439 N.E.2d 102.

For all the foregoing reasons, we affirm the circuit court's order denying petitioner's motion to expunge the redemption effectuated by respondent.

Judgment affirmed.

RIZZI and TULLY, JJ., concur.