2018 IL App (5th) 170170

NO. 5-17-0170

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
Opinion filed June 5, 2018.
Modified upon denial of
rehearing January 7, 2019.

| | | |
|---|---|---|
| *In re* APPLICATION FOR A TAX DEED | ) | Appeal from the |
| | ) | Circuit Court of |
| (As-Is Properties, Ltd., | ) | Saline County. |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | No. 16-TX-7 |
| | ) | |
| Robert W. Street Jr.; Ruth Street; | ) | |
| Ford Motor Credit Company, LLC; | ) | |
| Unknown Occupants; Unknown | ) | |
| Owners or Parties Interested; and | ) | |
| Nonrecord Claimants, | ) | Honorable |
| | ) | Todd D. Lambert, |
| Respondents-Appellees). | ) | Judge, presiding. |

JUSTICE OVERSTREET delivered the judgment of the court, with opinion.
Justices Chapman and Cates concurred in the judgment and opinion.

**OPINION**

¶ 1   The petitioner, As-Is Properties, Ltd. (As-Is Properties), appeals the circuit court's order granting equitable redemption in a tax deed sale proceeding to the property's owners, the respondents, Robert W. Street Jr. and Ruth Street, and the circuit court's order denying As-Is Properties' motion to expunge the redemption. On appeal, As-Is Properties claims that the circuit court erred in granting equitable redemption because the Streets failed to tender funds to redeem the property within the statutory period of redemption provided under the Property Tax Code (Code) (35 ILCS 200/21-350 (West 2016)). As-Is Properties seeks reversal and remand to the

1

circuit court for expungement of the redemption and entry of an order directing the issuance of a tax deed. For the reasons that follow, we affirm.

¶ 2                                   BACKGROUND

¶ 3     In 2013, the Streets failed to pay the 2012 real estate taxes due and owing on their home located at 1518 Fisk Street, in Eldorado, Illinois. In January 2014, the Saline County Treasurer sold the Streets' home at a tax sale and issued a certificate of purchase to As-Is Properties for the sum of the 2012 back taxes due and payable in 2013. On May 20, 2016, As-Is Properties filed a petition for the issuance of a tax deed, alleging that it held the certificate of purchase issued by the county clerk and that the time for redemption of the certificate would expire on October 7, 2016. As-Is Properties requested the circuit court to enter an order directing the county clerk to issue a property tax deed to As-Is Properties if the property had not been redeemed within the time and in the manner provided by law. The corresponding "Take Notice" document, also filed with the circuit court on May 20, 2016, provided, in pertinent part:

"THIS PROPERTY HAS BEEN SOLD FOR

DELINQUENT TAXES

Property located at 1518 Fisk Street, Eldorado, IL 62930, Saline County, Illinois.

***

This notice is to advise you that the above property has been sold for delinquent taxes and that the period of redemption from the sale will expire on October 7, 2016.

***

This notice is also to advise you that a petition has been filed for a tax deed which will transfer title and the right to possession of this property if redemption is not made on or before October 7, 2016.

2

This matter is set for hearing in the Circuit Court of this County in HARRISBURG, Illinois on October 21, 2016 at 9:00 AM.

You may be present at this hearing, but your right to redeem will have already expired at that time.

*YOU ARE URGED TO REDEEM IMMEDIATELY*

*TO PREVENT LOSS OF PROPERTY*

Redemption can be made at any time on or before October 7, 2016 by applying to the County Clerk of Saline County, Illinois at the Office of the County Clerk in Harrisburg, Illinois.

For further information contact the County Clerk." (Emphasis in original.)

¶ 4 The delinquent taxes were not redeemed by October 7, 2016. On October 12, 2016, while preparing to travel to the Saline County Clerk's Office to pay the 2012 taxes, Ruth Street realized that she had been confused by the differing dates on the "Take Notice" and that the time for redemption may have passed. Ruth Street called the county clerk's office and learned that the redemption period had indeed expired five days earlier. Upon realizing the mistake, the Streets then consulted counsel, and on October 20, 2016, they filed a petition asking the circuit court to use its equitable power to extend the statutory period of redemption. In their petition, the Streets alleged that they had erroneously understood that the "Take Notice" allowed them until October 21, 2016, to redeem their home from the tax sale. The Streets also alleged that they had continued to pay taxes on their home even after As-Is Properties received its certificate of purchase in January 2014. The Streets further alleged that the approximate fair market value of their real estate subject to the tax sale was $30,000 and the amount required to redeem the real estate was $1316.97. The Streets alleged that they would suffer irreparable damage if not

3

allowed to redeem their real estate from the tax sale. When the Streets filed their petition to extend the statutory period for redemption, no deed had issued, and As-Is Properties' petition for issuance of a tax deed was pending.

¶ 5    The October 21, 2016, hearing was continued by agreement, and the parties were permitted to provide the court with oral and written arguments. After the parties had been given the opportunity to present their arguments, the circuit court granted the Streets' petition and entered an order extending the period of redemption until February 9, 2017. On February 6, 2017, the Streets paid the delinquent amount owed and redeemed their property.

¶ 6    On March 1, 2017, As-Is Properties filed a motion to reconsider the order extending the statutory period of redemption and to expunge redemption of the property. On April 6, 2017, the circuit court denied the motion to reconsider. On May 5, 2017, As-Is Properties filed a timely notice of appeal.

¶ 7                                    ANALYSIS

¶ 8    As-Is Properties argues that because it complied with the mandates in sections 22-10 through 22-40(a) of the Code, the circuit court was precluded from injecting its equity analysis. See 35 ILCS 200/22-10 (West 2016) (notice of expiration of period of redemption—noting that redemption can be made at any time on or before redemption date); *id.* § 22-15 (service of notice); *id.* § 22-20 (proof of service of notice; publication of notice); *id.* § 22-30 (petition for deed); *id.* § 22-35 (reimbursement of county or municipality before issuance of tax deed); *id.* § 22-40 (issuance of deed; possession). As-Is Properties argues that the express language in section 22-40(a) mandated the circuit court to find that the redemption period had expired, that the property had not been redeemed, and that the petitioner had complied with all required provisions. See *id.* § 22-40(a) ("If the redemption period expires and the property has not been

4

redeemed and all taxes and *** assessments *** have been paid and all forfeitures and sales *** have been redeemed and the notices required by law have been given and all advancements of public funds *** have been paid and the petitioner has complied with all the provisions of law entitling him *** to a deed, the court shall so find and shall enter an order directing the county clerk on the production of the certificate of purchase and a certified copy of the order, to issue to the purchaser *** a tax deed."). As-Is Properties further argues that because the exceptions found in section 21-350 of the Code are inapplicable, the Code prohibited the circuit court from applying its general equity power to extend the Streets' final date of redemption. See *id.* § 21-350 ("[p]roperty sold under this Code may be redeemed at any time before the expiration of 2 years from the date of sale," with enumerated exceptions not applicable here).

¶ 9    We review questions of statutory interpretation *de novo*. *In re Application of the County Treasurer & ex officio County Collector*, 378 Ill. App. 3d 842, 850 (2007) (*Hawkeye*). Here, pursuant to the Code, if a property's taxes become delinquent, the county may apply for a judgment against and a sale of the property at a public auction (known as a tax sale) to recover the delinquent taxes. See 35 ILCS 200/21-110 (West 2016); *A.P. Properties, Inc. v. Goshinsky*, 186 Ill. 2d 524, 529 (1999); *A.P. Properties, Inc. v. Rattner*, 2011 IL App (2d) 110061, ¶ 13; *Hawkeye*, 378 Ill. App. 3d at 846. Any person owning or claiming a property upon which application for judgment is applied for may pay the taxes and costs to the county collector at any time before the taxes are sold, thereby avoiding the sale. 35 ILCS 200/21-165 (West 2016). "If the property owner does not pay the taxes first, the county may sell the property to the highest bidder, who then becomes liable to the county for the amount bid." *Rattner*, 2011 IL App (2d) 110061, ¶ 13; see also 35 ILCS 200/21-190, 21-205, 21-240, 21-260 (West 2016); *Goshinsky*, 186 Ill. 2d at 529. Once the court confirms the sale, the tax buyer receives a certificate of

purchase. 35 ILCS 200/21-240, 21-260(c) (West 2016); *Goshinsky*, 186 Ill. 2d at 529; *Rattner*, 2011 IL App (2d) 110061, ¶ 13.

¶ 10    "The purchaser at the tax sale does not immediately gain title to the property; rather, there is a grace period where the property owner has the right to 'redeem' the property by paying to the county clerk the delinquent taxes, as well as costs, fees, and interest." *Hawkeye*, 378 Ill. App. 3d at 846; see also 35 ILCS 200/21-345(a) (West 2016) ("Property sold under this Code may be redeemed only by those persons having a right of redemption ***."); 35 ILCS 200/21-350 (West 2016) ("Property sold under this Code may be redeemed at any time before the expiration of 2 years from the date of sale," with certain exceptions); 35 ILCS 200/21-370 (West 2016) (redemption of forfeited property provisions). "If the owner makes a valid redemption, then title to the property remains with the owner, and the tax purchaser is entitled to the redemption money only." *Hawkeye*, 378 Ill. App. 3d at 846. "Upon a timely redemption, the county may refund the tax buyer's payment, thereby releasing the tax buyer's claim on the property." *Rattner*, 2011 IL App (2d) 110061, ¶ 13; see also 35 ILCS 200/21-390 (West 2016); *Goshinsky*, 186 Ill. 2d at 530. "However, if the owner does not redeem the property within the designated period, then the tax purchaser may petition the court for the deed to the property (known as a tax deed)." *Hawkeye*, 378 Ill. App. 3d at 846. In order to be entitled to a tax deed, the tax purchaser shall deliver to the county clerk a "Take Notice" to be given to the party in whose name the taxes are last assessed, in the form provided for in section 22-5 of the Code (35 ILCS 200/22-5 (West 2016)).

¶ 11    A 1990 amendment to section 22-45 of the Code restricts equitable relief with respect to vacating a tax deed (Pub. Act 86-1431 (eff. Sept. 12, 1990) (amending Ill. Rev. Stat. 1989, ch. 120, ¶ 747, now codified at 35 ILCS 200/22-45)), in order to preserve and uphold the policy

6

goals of tax deed merchantability and equity to taxpayers. *Hawkeye*, 378 Ill. App. 3d at 852-53. However, section 22-45, as amended, does not preclude the courts' equitable powers with respect to redemption prior to the issuance of a tax deed. *Id.* at 853. Because the amendment deals solely with the circumstances under which an already-issued tax deed may be voided, it has no bearing on the circumstances under which a court may refuse to issue a tax deed in the first place. *Id.* at 850.

> "Given that the legislature's key concern is ensuring that holders of tax deeds may sell them freely without fear of later revocation, it is sensible that the conditions under which a deed may be vacated are much more narrowly circumscribed than the conditions under which a court may decline to issue a deed." *Id.* at 852.

¶ 12     Thus, we recognize the Code's provisions, the statutory time frame found within, and the narrow circumscription of conditions under which a deed may be vacated compared to the conditions under which a court may decline to issue a deed. We also recognize that, despite the Code's provisions, in cases where no tax deed has issued, "there is a clear modern trend of courts declining to apply the redemption requirements strictly in cases involving a taxpayer's detrimental reliance on erroneous statements made by the clerk's office." *Id.* at 849. Illinois courts are "quite willing to interpret the law flexibly in order to achieve equity and fairness in redemption cases." *Id.*

¶ 13     Ostensibly recognizing this modern trend, As-Is Properties argues that the circuit court erred in exercising its equitable power here, by allowing the Streets to redeem delinquent taxes approximately four months after the statutory period had expired, because the Streets did not rely on erroneous information supplied by the county clerk's office. As-Is Properties argues that detrimental reliance on erroneous statements made by a clerk's office is a prerequisite for the

7

court to decline to apply the Code's redemption requirements strictly. See *In re Application of the County Treasurer & ex officio County Collector*, 389 Ill. App. 3d 735, 739 (2009) (*Dunn*) (without allegation of error promulgated by clerk's office and reasonable reliance sufficient to warrant equitable relief, trial court erred in granting relief of equitable redemption and in denying petition to expunge redemption). The Streets counter that the circuit court properly exercised its equitable power to extend the redemption period because they would have lost their home, with a fair market value of approximately $30,000, as a result of a misunderstanding as to the expiration date of the period of redemption, wherein the amount necessary to redeem was $1316.97. The Streets contend that they misunderstood the notices and thought that they had until the date of the hearing on the petition to issue a tax deed to redeem. They argue that they fell prey to the complexities of the taxing system. See *Hawkeye*, 378 Ill. App. 3d at 847.

¶ 14 We will employ an abuse of discretion standard to determine whether the circuit court erred in granting equitable relief to the Streets by extending their period of redemption. *Dunn*, 389 Ill. App. 3d at 739; see also *Hawkeye*, 378 Ill. App. 3d at 854 ("Given that the trial court was empowered to extend the redemption period beyond the statutory deadline due to general equitable principles, we will not overturn its decision absent an abuse of discretion."). "An abuse of discretion occurs only where no reasonable person could agree with the position taken by the trial court." *In re Estate of Wright*, 377 Ill. App. 3d 800, 803-04 (2007).

¶ 15 As noted, Illinois courts have modified the statutory redemption requirements in light of equitable considerations, when delay in payment was due to property owners' good-faith reliance on incorrect statements made by governmental offices. *Hawkeye*, 378 Ill. App. 3d at 848. "Illinois policy is mindful of equitable considerations when taxpayers may fall prey to the complexities of the taxing system, particularly with respect to their reliance upon the conduct,

advice, and guidance of appropriate employees of the tax-collecting governmental offices." *Id.* at 847. Thus, the courts possess the equitable power to extend the period of redemption and should interpret the law flexibly in order to achieve equity and fairness in redemption cases. *Id.*

¶ 16    "Our United States Supreme Court has stated that the right to redeem is a substantial right." *Id.* "As a result, Illinois law traditionally favors redemption and seeks to give a liberal construction to the redemption laws, as long as the tax purchaser suffers no injury." *Id.* "The right of a holder of a tax certificate to receive a deed is subservient to the right of a person interested in the property to redeem." *Monreal v. Sciortino*, 238 Ill. App. 3d 475, 479 (1992). " 'The mere failure of the tax certificate holder to get a deed does not injure him, since the purchaser recovers the amount paid for the certificate from the court after the redemption.' " *Id.* (quoting *In re Application of Du Page County Collector*, 98 Ill. App. 3d 950, 952 (1981)); see also 35 ILCS 200/21-390 (West 2016); *Goshinsky*, 186 Ill. 2d at 530; *Rattner*, 2011 IL App (2d) 110061, ¶ 13.

¶ 17    Moreover, equity abhors forfeiture. *Genesco, Inc. v. 33 North LaSalle Partners, L.P.*, 383 Ill. App. 3d 115, 126 (2008) (Theis, J., specially concurring). Equity abhors forfeiture so much so that equity would allow a party time beyond the time established by statute to perform in order to save that party from an egregious forfeiture. See *id.* Equitable principles have been used to avoid the harsh results of taking a home from an unfortunate debtor, especially where the purchaser is seeking to take advantage of the provisions of the redemption statute to obtain a windfall. *Skach v. Sykora*, 6 Ill. 2d 215, 220 (1955). Thus, the public policy of Illinois recognizes that the right of redemption is substantial and that anyone possessing that right should not lose it because of mistake or misinterpretation. *In re Application of Rosewell*, 148 Ill. App. 3d 297, 303-04 (1986); *In re Application of County Treasurer*, 84 Ill. App. 3d 506, 510 (1980).

9

¶ 18    Here, pursuant to Illinois law and public policy, the circuit court properly favored redemption and sought to give a liberal construction to the redemption laws, considering that As-Is Properties suffered no injury. As-Is Properties' right as a holder of a tax certificate to receive a deed was subservient to the Streets' right to redeem. See *Monreal*, 238 Ill. App. 3d at 479. The mere failure of As-Is Properties to get a deed does not injure it, since it recovers the amount paid for the certificate from the court after the redemption. See *id.* In contrast, the Streets faced the potential of an egregious forfeiture. If the circuit court had not extended the redemption period, the Streets would have lost their home with a fair market value of approximately $30,000 as a result of a misunderstanding as to the expiration date of the period of redemption. The amount necessary to redeem was the sum of $1316.97, which the Streets were willing and able to pay, and in fact did pay, after the court granted their petition. See generally *Thomson Learning, Inc. v. Olympia Properties, LLC*, 365 Ill. App. 3d 621, 633 (2006) (lessee may circumvent strict compliance with option to cancel or extend commercial lease if delay in strictly complying was slight, lessee would suffer undue hardship if strict compliance were not excused, and lessor would not suffer prejudice if strict compliance were excused). The circuit court's order allowing equitable redemption accords with the public policy which looks favorably upon redemption from tax foreclosure sales (see *Monreal*, 238 Ill. App. 3d at 478) and the equitable considerations when taxpayers fall prey to the complexities of the taxing system (see *Hawkeye*, 378 Ill. App. 3d at 847). We cannot conclude that no reasonable person could agree with the position taken by the circuit court.

¶ 19    As-Is Properties argues that the presence of the indemnity fund is an alternate ground for relief that should preclude granting equitable redemption power to the circuit court. We recognize that section 21-305 of the Code allows a property owner to petition for compensation

when a tax sale of his or her property may result in injustice being done. 35 ILCS 200/21-305 (West 2016). "Indeed, the very purpose of the indemnity fund is to work equity." *Hawkeye*, 378 Ill. App. 3d at 854. Nonetheless, even though the Streets had a colorable indemnity claim, the presence of an alternate potential avenue of relief had no bearing upon whether they may pursue their chosen avenue of relief, namely, a judicial extension of the time allowed to redeem their property. See *id.* Instead, we find that the court had authority to order such an extension in the instant case. See *id.*

¶ 20    As a result of the circuit court's exercise of its equitable power to extend the redemption date, the only adverse effect to As-Is Properties was the loss of a windfall profit, and the Streets saved their family home. As-Is Properties suffered no injury, as it received the benefit of its original investment, collecting not only the amount paid, but the interest and penalties allowed by statute. Although the Streets did not rely on a misstatement or error by a government authority, each case must be decided based on the unique facts and equities presented. Under the unique circumstances presented in this record, we conclude that the circuit court properly exercised its equitable powers in extending the period of redemption prior to entry of an order for the issuance of a tax deed and in denying As-Is Properties' motion to expunge the redemption.

¶ 21                                    CONCLUSION

¶ 22    For the foregoing reasons, we affirm the judgment of the circuit court of Saline County.


¶ 23    Affirmed.

11

2018 IL App (5th) 170170

NO. 5-17-0170

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| *In re* APPLICATION FOR A TAX DEED | ) | Appeal from the |
| | ) | Circuit Court of |
| (As-Is Properties, Ltd., | ) | Saline County. |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | No. 16-TX-7 |
| | ) | |
| Robert W. Street Jr.; Ruth Street; | ) | |
| Ford Motor Credit Company, LLC; | ) | |
| Unknown Occupants; Unknown | ) | |
| Owners or Parties Interested; and | ) | |
| Nonrecord Claimants, | ) | Honorable |
| | ) | Todd D. Lambert, |
| Respondents-Appellees). | ) | Judge, presiding. |

**Opinion Filed:**           June 5, 2018
**Modified Upon Denial of Rehearing:**    January 7, 2019

**Justices:**       Honorable David K. Overstreet, J.

                   Honorable Melissa A. Chapman, J., and
                   Honorable Judy L. Cates, J.,
                   Concur

**Attorney**
**for**
**Appellant**       Glenn R. Tetzlaff, Tetzlaff, Cervantez and Associates, P.C., 500 North
                   Holland Street, Marion, IL 62959

**Attorney**
**for**
**Appellees**       C. Mart Watson, Law Offices of Watson & Murphy, 1312 Jackson
                   Street, P.O. Box 59, Eldorado, IL 62930