# Illinois Official Reports

## Appellate Court

<div style="border:1px solid;">

### *In re Application of the County Treasurer of Fayette County*,
### 2020 IL App (5th) 190170

</div>

| | |
|---|---|
| Appellate Court Caption | *In re* APPLICATION OF THE COUNTY TREASURER OF FAYETTE COUNTY, ILLINOIS, for Administrative Sale in Error for PIN 10-25-74-720-034 (The Fayette County Treasurer, Petitioner-Appellee, v. Dome Tax Service Company, Inc., an Illinois Corporation, Respondent-Appellant). |
| District & No. | Fifth District<br>No. 5-19-0170 |
| Filed | February 20, 2020 |
| Decision Under Review | Appeal from the Circuit Court of Fayette County, No. 15-TX-1(36); the Hon. J. Marc Kelly, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Mark S. Morthland, of Morthland Law Office, of Decatur, for appellant.<br><br>Christopher E. Sherer, Matthew T. Trapp, and John M. Gabala, of Giffin, Winning, Cohen & Bodewes, P.C., of Springfield, for appellee. |

Panel                    JUSTICE BOIE delivered the judgment of the court, with opinion.
                         Justices Cates and Overstreet concurred in the judgment and opinion.


**OPINION**

¶ 1        The Fayette County Treasurer sold mineral rights at a tax sale due to the nonpayment of real estate taxes. The respondent, Dome Tax Service Co., Inc. (Dome Tax Service), purchased the mineral rights at the tax sale. After the expiration of the redemption period and before the county clerk issued a tax deed, the county treasurer discovered that the owner of the mineral rights never received a tax bill for the property. The county treasurer, therefore, filed a petition asking the court to declare an administrative sale in error and enter an order voiding the tax sale. The circuit court applied equitable principles and granted the administrative sale in error due to the county's clerical error. Dome Tax Service appeals the circuit court's judgment arguing that there was no statutory authority authorizing the court to declare an administrative sale in error. For the following reasons, we affirm.

¶ 2                                     BACKGROUND

¶ 3        The property at issue involves the mineral rights of parcel No. 10-25-74-720-034 in Fayette County, Illinois. In 2014, the owner of these mineral rights was Betty Kruzan. The supervisor of assessments for Fayette County was Cindi Lotz. Lotz's office was tasked with entering the names and addresses of various property owners into the county's tax system so that the owners received notice of property tax assessments. For the mineral rights of parcel No. 10-25-74-720-034, Lotz's office incorrectly entered the name and address of Theresa Kline as the mineral rights' owner, not Betty Kruzan's name and address. Kline owned a royalty interest in an oil and gas lease on the property, but she did not own any of the mineral rights. Due to this clerical error, the tax bill for the mineral rights for 2014, payable in 2015, was assessed to Kline, not to Kruzan. Kruzan, therefore, never received a tax bill for the 2014 property taxes and did not pay those taxes.

¶ 4        Pursuant to section 21-90 of the Property Tax Code, a county collector may offer property for public sale when a judgment has been rendered against that property for the nonpayment of real estate taxes. 35 ILCS 200/21-90 (West 2014); *S.I. Securities v. Powless*, 403 Ill. App. 3d 426, 428 (2010). In the present case, on November 16, 2015, the treasurer offered the mineral rights for sale for the nonpayment of 2014 real estate taxes, and Dome Tax Service purchased the property at the tax sale.

¶ 5        As the buyer of the mineral rights at the property tax sale, Dome Tax Service did not receive title to the mineral rights but, instead, received a "certificate of purchase." See *S.I. Securities*, 403 Ill. App. 3d at 428; 35 ILCS 200/21-250 (West 2014). After receiving a certificate of purchase, a tax purchaser may file a petition in the circuit court asking the court to enter an order directing the county clerk to issue a tax deed to the property. 35 ILCS 200/22-30 (West 2014). Before the tax purchaser is entitled to a tax deed, however, the redemption period must expire without any redemption by the property owner, and the tax purchaser must prove that it strictly complied with the requirements for certain statutory notices to the property owners, occupants, and parties interested in the property. *Id.* §§ 22-10 to 22-25. On July 18, 2018, Dome Tax Service filed a petition alleging that the period for redeeming the taxes would expire

on November 15, 2018. Dome Tax Service requested that the circuit court enter an order directing the county clerk to issue Dome Tax Service a tax deed for the mineral rights if redemption was not made by November 15, 2018.

¶ 6 The redemption period expired on November 15, 2018, without Kruzan redeeming the taxes. On December 28, 2018, the circuit court entered an order directing the county clerk to issue Dome Tax Service a tax deed upon its surrender of the certificate of purchase. Before the county clerk issued a tax deed, however, Lotz discovered her office's error in entering the mineral rights owner's name into the county's tax system. Lotz discovered that tax notices for the mineral rights were improperly sent to Kline, not Kruzan. The county notified all parties of the error and that the county intended to request the circuit court to declare an administrative sale in error.

¶ 7 On January 25, 2019, the county treasurer filed a petition for administrative sale in error. The petition alleged that the county's tax system incorrectly listed Theresa Kline as the owner of the mineral rights, but the rightful owner was Betty Kruzan. The petition alleged that because Kline was listed as the owner/taxpayer, Kruzan did not receive the notices for the taxes and, therefore, did not have the ability to rectify the outstanding tax bill. The petition requested the court to declare the tax sale void and order the county treasurer to refund Dome Tax Service the amount it paid for the certificate of purchase.

¶ 8 On January 31, 2019, Dome Tax Service filed a motion to strike and dismiss pursuant to section 2-619(a)(9) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(9) (West 2018)), arguing that a declaration of an administrative sale in error would be improper. Specifically, Dome Tax Service argued that the court should dismiss the petition because the Property Tax Code defined only four situations in which the treasurer may request an administrative sale in error and that none of those four situations applied. See 35 ILCS 200/21-310 (West 2018).

¶ 9 On April 4, 2019, the circuit court conducted a hearing on the pending motions. The court first addressed Dome Tax Service's motion to strike and dismiss. The circuit court concluded that "despite the statutory argument" equity required the denial of the motion to strike and dismiss. The circuit court then turned to the merits of the petition for an administrative sale in error.

¶ 10 In support of the county's petition, Lotz explained to the circuit court how her office made the clerical error in entering Kline into their tax system as the owner of the mineral rights instead of Kruzan. Lotz told the circuit court that she found the error while assisting a tax buyer who was in her office researching information on different parcels.

¶ 11 At the conclusion of the hearing, the circuit court concluded that equity required a declaration of a sale in error due to the clerical mistake. The court voided the tax sale and ordered the county treasurer to refund the amount Dome Tax Service paid at the tax sale, with interest. Dome Tax Service now appeals the circuit court's judgment granting the administrative sale in error.

¶ 12 ANALYSIS

¶ 13 The issue before us in this appeal is whether the circuit court erred in granting the county's request for an administrative sale in error and voiding Dome Tax Service's certificate of purchase. The circuit court based its decision not on the language of section 21-310 of the Property Tax Code but on equitable principles. On appeal, we must determine whether the

circuit court had discretion to grant the administrative sale in error based on principles of equity and, if so, whether it abused its discretion in doing so under the facts of this case. Our analysis of these issues is guided by this court's recent decision in *In re Application for a Tax Deed*, 2018 IL App (5th) 170170 (*As-Is Properties*), a property tax deed case in which the court invoked equitable principles to allow property owners to redeem their delinquent property taxes beyond the statutory redemption period.

¶ 14      In *As-Is Properties*, the property owners failed to pay the 2012 taxes on their home. *Id.* ¶ 3. The county treasurer sold the home at a tax sale and issued a certificate of purchase to As-Is Properties. *Id.* Prior to expiration of the redemption period, As-Is Properties filed a petition requesting an order directing the issuance of a tax deed upon the expiration of the redemption period. *Id.* The property owners did not redeem the taxes prior to the expiration of the redemption period. *Id.*

¶ 15      The property owners were confused about the redemption deadline because a notice they received concerning the redemption period included different dates, and they learned of their mistake five days after the redemption period expired. *Id.* ¶ 4. The property owners filed a petition asking the circuit court to use its equitable powers to extend the statutory period of redemption. *Id.* When the property owners filed the petition, the county clerk had not issued a tax deed; As-Is Properties' petition for the issuance of a tax deed was still pending. *Id.* As-Is Properties objected to the property owners' attempt to redeem the property because the statutory period for redemption provided in section 21-350 of the Property Tax Code (35 ILCS 200/21-350 (West 2016)) had expired and there were no statutory grounds for extending the period. The circuit court, however, invoked equitable principles to grant the property owners' petition, extending the redemption period and allowing the property owners to redeem the property taxes by paying the delinquent tax. *As-Is Properties*, 2018 IL App (5th) 170170, ¶ 5.

¶ 16      On appeal, As-Is Properties again argued that the circuit court lacked statutory authority to extend the redemption period. *Id.* ¶ 8. In affirming the circuit court's equitable extension of the redemption period, the *As-Is Properties* court acknowledged that a 1990 amendment to section 22-45 of the Property Tax Code restricted equitable relief with respect to vacating a tax deed. *Id.* ¶ 11. The court noted, however, that "section 22-45, as amended, does not preclude the courts' equitable powers with respect to redemption *prior* to the issuance of a tax deed." (Emphasis added.) *Id.*

¶ 17      The *As-Is Properties* court then noted that there was a clear modern trend of courts declining to strictly apply redemption requirements when a taxpayer detrimentally relies on an erroneous statement made by a government office. *Id.* ¶ 12 (citing *In re Application of the County Treasurer & ex officio County Collector*, 378 Ill. App. 3d 842, 849 (2007)). The court concluded that the "public policy of Illinois recognizes that the right of redemption is substantial and that anyone possessing that right should not lose it because of mistake or misinterpretation." *Id.* ¶ 17.

¶ 18      Having concluded that the circuit court had discretion to invoke equitable principles to extend the statutory redemption period, the *As-Is Properties* court then reviewed the circuit court's order under the abuse of discretion standard. *Id.* ¶ 15. The *As-Is Properties* court held that the circuit court did not abuse its discretion in applying equity in that case where the property owners faced the potential of an egregious forfeiture. *Id.* ¶ 18. Specifically, the property owners' misunderstanding of the notice of the redemption date resulted in them failing to timely make a $1316.97 redemption payment, which, in turn, resulted in the tax sale of their

home worth $30,000. *Id.* The court concluded, "The circuit court's order allowing equitable redemption accords with the public policy which looks favorably upon redemption from tax foreclosure sales [citation] and the equitable considerations when taxpayers fall prey to the complexities of the taxing system [citation]." *Id.* The court also noted that the tax certificate holder would not be injured because "it recovers the amount paid for the certificate from the court after the redemption." *Id.*

¶ 19    In the present case, Dome Tax Service argues that under the Property Tax Code, an administrative sale in error is authorized in only four situations and that none of those situations apply in the present case. See 35 ILCS 200/21-310 (West 2018). Dome Tax Service concludes, therefore, that the circuit court improperly granted the administrative sale in error without statutory authority. However, similar to the facts of *As-Is Properties*, the facts of this case present us with a situation in which a property owner faces the loss of her property due to an error that prevented the property owner from rectifying an outstanding tax bill. Here, the situation is even more egregious because the error was caused by the county assessor's office; it was not the property owner's error.

¶ 20    Applying the reasoning of *As-Is Properties*, we conclude that, because a tax deed had not been issued, the circuit court had discretion to apply equitable principles to declare the administrative sale in error. For the equitable reasons identified by the *As-Is Properties* court as grounds for allowing the equitable extension of the statutory redemption period, a circuit court also has discretion to grant an administrative sale in error, prior to the issuance of a tax deed, to equitably void a certificate of purchase. Even though the petition does not fall within a specific statutory basis for an administrative sale in error, allowing a circuit court discretion to grant an equitable administrative sale in error, prior to the issuance of a tax deed, furthers Illinois's public policy that encompasses equitable considerations when a taxpayer's delay in making a tax payment is due to an error by a governmental office. See *As-Is Properties*, 2018 IL App (5th) 170170, ¶ 15.

¶ 21    Having determined that the circuit court had discretion to invoke equitable principles to grant the county's petition, we further hold that the circuit court did not abuse its discretion in applying equity in this case. This is particularly true due to how mineral rights are taxed under the Property Tax Code.

¶ 22    In Illinois, when mineral rights are severed from surface rights, the severance creates two distinct estates in the land that are subject to taxation. *Deverick v. Bline*, 404 Ill. 302, 305 (1949). However, the minerals belong to the owner of the land so long as the minerals remain under the land; the landowner's grant of the minerals to another is only a grant for the minerals that the grantee takes from the land. *Id.* Therefore, minerals such as oil and gas are incapable of ownership until found and produced. *Pickens v. Adams*, 7 Ill. 2d 283, 291 (1955); *Miller v. Ridgley*, 2 Ill. 2d 223, 227 (1954). Once oil is removed from the ground, a property interest subject to taxation is thereby created. *Pawnee Oil & Gas, Inc. v. County of Wayne*, 323 Ill. App. 3d 426, 428 (2001).

¶ 23    At the hearing on the petition for an administrative sale in error, Lotz explained to the circuit court that due to the way mineral rights are taxed, there could be years in which no taxes are assessed for mineral rights. If the amount of minerals removed from the land for a given year is below a threshold minimum, there is no tax bill. Lotz testified that, as an example, for the mineral rights at issue the county issued no tax bills for 2016 or 2017.

¶ 24　　　　The circuit court found the irregularity of tax bills for mineral rights to be significant. Because Kruzan would receive no tax bill for years when no taxes were due, Kruzan could not know that taxes were due unless she received a tax bill. The circuit court explained that if Kruzan had failed to pay a regularly occurring yearly tax bill, it might take a different position because Kruzan would have known that taxes would be due every year, regardless of receiving a bill. The circuit court concluded, therefore, that the county's error called for the declaration of an administrative sale in error under equitable principles. Based on this record, we cannot say that the circuit court abused its discretion in its ruling. The circuit court's exercise of equitable powers in this case allows an innocent property owner to rectify an outstanding tax bill when the property owner's failure to pay the tax bill was entirely due to the county's clerical error. Dome Tax Service suffers no injury because the circuit court ordered the county treasurer to reimburse Dome Tax Service for the amount it paid for the certificate of purchase with interest. See *As-Is Properties*, 2018 IL App (5th) 170170, ¶¶ 16, 20.

¶ 25　　　　　　　　　　　　　　　　CONCLUSION

¶ 26　　　　For the foregoing reasons, we affirm the circuit court's judgment.

¶ 27　　　　Affirmed.