2025 IL App (4th) 240968-U

NO. 4-24-0968

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

FILED
September 12, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| MALACODA LLC, | ) | Appeal from the |
|     Plaintiff-Appellant, | ) | Circuit Court of |
|     v. | ) | Woodford County |
| A DIAMOND INFRA LLC, f/k/a A MELTEL LLC and | ) | No. 22CH6 |
| B MELTEL LLC, f/k/a T10 MELTEL LLC, f/k/a T10 | ) | |
| UNISON SITE MANAGEMENT LLC; VERIZON | ) | |
| COMMUICATIONS, INC.; ATC SEQUOIA LLC; | ) | |
| T-MOBILE USA TOWER LLC; T-MOBILE CENTRAL | ) | |
| LLC; T-MOBILE US, INC.; CCTMO, LLC; MD7 | ) | |
| CAPITAL THREE, LLC; CROWNE POINT LAND | ) | |
| DEVELOPMENT, LLC; WILLIAM M. FREDERICK | ) | |
| JR., a/k/a WILLIAM MCD. FREDERICK JR.; and | ) | |
| UNKNOWN OCCUPANTS AND NON-RECORD | ) | Honorable |
| CLAIMANTS, | ) | Michael L. Stroh, |
|     Defendants-Appellees. | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices Doherty and Lannerd concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The appellate court affirmed, concluding the circuit court did not err in dismissing plaintiff's second amended complaint.

¶ 2   In August 2022, plaintiff, Malacoda LLC, filed a complaint against defendants, A Diamond Infra LLC (Diamond), f/k/a A Meltel LLC and B Meltel LLC, f/k/a T10 Meltel LLC f/k/a T10 Unison Site Management LLC (Unison), Verizon Communications, Inc., ATC Sequoia LLC, T-Mobile Central LLC, T-Mobile USA Tower LLC, T-Mobile Central LLC, T-Mobile US, Inc., CCTMO, LLC, Md7 Capital Three, LLC (collectively, communication defendants), Crowne Point Land Development, LLC (Crowne), William M. Frederick Jr., a/k/a William Mcd. Frederick

Jr., and unknown occupants and non-record claimants of certain real property in Woodford County. Following two dismissals, plaintiff filed a second amended complaint. We note the second amended complaint no longer pursued claims against Frederick and purported to pursue claims against John E. Getz. The communication defendants moved to dismiss plaintiff's complaint with prejudice, which the circuit court granted. Plaintiff appeals, arguing this court should reverse and remand for further proceedings. For the reasons that follow, we affirm the dismissal of plaintiff's second amended complaint.

¶ 3                                      I. BACKGROUND

¶ 4        In August 2021, plaintiff purchased the real property at issue in this appeal. The property is approximately 0.23 acres of land and is associated with Parcel No. 13-12-300-301. A communications tower and related facilities are located on the property. The property was leased to communication companies prior to 2012. In 2012, Frederick and Crowne, the then-owners of the property, entered into an agreement with Unison. The agreement granted Unison a perpetual easement in the property, which included the assignment of all existing leases for the property, as well as the unrestricted right to lease or otherwise assign rights under the easement (easement and assignment agreement). In 2014, Unison transferred its interest in the easement to Melody Telecom Land, LLC (Melody). Sometime thereafter, Diamond became the successor in interest to the easement.

¶ 5        Plaintiff alleged Woodford County assessed property taxes against the easement. In support of its allegation, plaintiff attached a printout of information from the Woodford County assessor's website for the property concerning the 2022 tax year and cited the following information therefrom: (1) the "Public Notes" referenced the easement and assignment agreement; (2) the "Property Class" was identified as "Improved Commercial"; (3) the "Land Use" was

classified as "CELLTWR-CELL TOWER"; (4) the "Public Notes" referenced the "Controlling interest" in the property, which indicated there was a "Transfer of 100% controlling interest"; (5) the assessment amount indicated it was assessing both a land site and a building; (6) the "Sales History" identified the transfer of the easement from Unison to Melody in 2014; (7) the "Acres" and "Lot Size" encompassed the entire easement interest; and (8) the "Public Notes" indicated the property related to two additional tax parcels. Plaintiff also attached a land survey, which indicated the boundary lines for the property overlapped two other tax parcels. Finally, plaintiff attached a printout of information from the Woodford County website for other commercial properties containing cellular towers and alleged that information showed it was customary for Woodford County to assess the interests of those who operated the properties.

¶ 6        The taxes associated with the property went unpaid for tax years 2011, 2012, 2013, 2014, and 2015, and a tax deed was eventually issued for the property. Plaintiff alleged JICTB, Inc. (JICTB) "was the tax buyer of the unpaid 2011 property taxes (and subsequent 2012-2015 tax years) for the Property" and, in December 2015, was granted a court order directing the issuance of a tax deed. In support of its allegation, plaintiff attached the court order. That order indicates it was issued based upon a certificate of purchase for delinquent 2011 taxes. It also indicates the redemption period expired in October 2015 and the circuit clerk was to issue the tax deed "only upon evidence that all subsequent taxes have been paid." Plaintiff further alleged, in January 2016, JICTB was issued a tax deed for the property. In support of its allegation, plaintiff attached the tax deed. The deed indicates it was issued based upon the sale of the property in October 2012 for the nonpayment of taxes and upon the property not being redeemed.

¶ 7        Plaintiff alleged the tax deed was issued because of the failure of the easement owner to pay the taxes assessed for the easement. In support of its allegation, plaintiff (1) cited the

previous information gleaned from the Woodford County assessor's website for the property concerning the 2022 tax year; (2) alleged the easement owner was "actually or constructively" aware the easement was assessed based upon (a) purported "mailed notices" from Woodford County and JICTB, (b) purported "public notices" from Woodford County and JICTB, (c) the acknowledgement of tax implications in the easement and assignment agreement, and (d) the general notice of the law and the "duty to inquire" about taxes; (3) cited the fact the December 2015 court order referenced taxes being assessed for land with a cell tower; (4) asserted purported tax bills for the property indicated "approximately 84% of the tax bill" was assessed to improvements on the property; (5) asserted the easement and assignment agreement was "effectively a transfer of essentially all value of the land and the cell tower"; and (6) asserted it was customary in the industry that the owner of a cellular tower pays an assessment on its interest.

¶ 8        In October 2021, plaintiff, after purchasing the property from JICTB, made demands to the communication defendants, all of whom were alleged to have easement or leasehold interests in plaintiff's property deriving from the easement and assignment agreement. Plaintiff demanded possession of the property and remittance of rents. The communication defendants refused to vacate the property or pay rent.

¶ 9        In August 2022, plaintiff initiated the instant proceedings against defendants. Following two dismissals of plaintiff's complaint without prejudice, plaintiff filed its second amended complaint in February 2024. Plaintiff asserted claims of quiet title, ejectment, and unjust enrichment. Relevant to this appeal, the claims against the communication defendants were based upon their refusal to vacate plaintiff's property or to pay rent for the use thereof. Plaintiff alleged any easement or leasehold interests of those defendants were extinguished upon the issuance of the tax deed and, therefore, they were required to vacate the property and/or pay rent for the use

thereof. In so alleging, plaintiff acknowledged the general rule under section 22-70 of the Property Tax Code (Tax Code) (35 ILCS 200/22-70 (West 2016)) is that the issuance of a tax deed does not extinguish or affect an easement. However, plaintiff asserted an exception set forth in section 22-70 was applicable and provided the easement and any leasehold interests related thereto were extinguished as the tax deed was issued because the owner of the easement failed to pay taxes assessed for that easement. See *id.*

¶ 10     The communication defendants filed a combined motion to dismiss the second amended complaint pursuant to section 2-619.1 of the Illinois Code of Civil Procedure (Civil Code) (735 ILCS 5/2-619.1 (West 2024)). They argued (1) plaintiff failed to plead sufficient facts to show the exception set forth in section 22-70 of the Tax Code (35 ILCS 200/22-70 (West 2016)) was applicable and (2) the exception set forth section 22-70 was, in fact, inapplicable. With respect to their initial argument, the communication defendants asserted plaintiff failed to plead sufficient facts to show Woodford County assessed taxes against the easement. They contended the allegation that the easement was assessed was not supported by the information from the Woodford County assessor's website and, furthermore, the allegation was contradicted by an affidavit of Jodi Goff, the former Woodford County Supervisor of Assessments, which was attached to plaintiff's prior complaints. The communication defendants similarly relied upon the Goff affidavit to support their argument that the exception set forth in section 22-70 was, in fact, inapplicable. They requested judicial notice of the Goff affidavit. Finally, the communication defendants asserted, in a footnote, the easement and assignment agreement attached to the second amended complaint demonstrated the owner of the property was responsible for any taxes related to the property.

¶ 11     The Goff affidavit, which is dated December 29, 2021, indicates Goff is the Woodford County Supervisor of Assessments. Goff avers she reviewed the status of parcel No.

13-12-300-301 and observed it has been "assessed as improved commercial property *** between tax years 2011-2020." Goff further avers, "Taxes assessed to [parcel No. 13-12-300-301] during the time period described above have included the full value of the fee simple interest in the .23 acres of land, as well as the improvements affixed thereto, including a 199' cellular tower."

¶ 12　　　　Plaintiff filed a response to the combined motion to dismiss. Amongst other things, plaintiff argued (1) it alleged sufficient facts to show the exception set forth in section 22-70 was applicable and (2) the communication defendants had not shown said exception was inapplicable. Plaintiff asserted the Goff affidavit should not be considered because (1) it was not part of the second amended complaint and (2) the communication defendants did not attach the affidavit to their motion. Plaintiff further asserted, even if the Goff affidavit was considered, it did not conclusively show the easement was not assessed. In so asserting, plaintiff suggested, in part, "Goff's statement that the taxes assessed to the Property from 2011 through 2020 'included the full value of the fee simple interest' " "could have been referring to the value of the fee simple interest only for 2011, before the Easement was created in 2012."

¶ 13　　　　The communication defendants filed a reply in support of their combined motion to dismiss. Amongst other things, they argued it was appropriate for the circuit court to take judicial notice of the Goff affidavit, as it was matter of record within the court's own proceedings. They also attached the affidavit to their reply.

¶ 14　　　　In June 2024, the circuit court held a hearing on the combined motion to dismiss the second amended complaint. After considering the arguments presented, the court granted the motion and dismissed the complaint with prejudice. The court found plaintiff alleged no facts from which it could conclude taxes were assessed against the easement and, even if plaintiff had done so, the statutory exception was inapplicable because the owner of the easement was not responsible

for the payment of taxes under the easement and assignment agreement.

¶ 15　　　　　This appeal followed.

¶ 16　　　　　　　　　　　　　II. ANALYSIS

¶ 17　　　　　On appeal, plaintiff argues this court should reverse and remand for further proceedings. Plaintiff maintains its second amended complaint alleged sufficient facts to establish a possibility of recovery based upon the refusal of the communication defendants to vacate plaintiff's property or pay rent for the use thereof, which was not otherwise defeated by the affirmative matter asserted by the communication defendants. Specifically, plaintiff asserts (1) it alleged sufficient facts to invoke the exception set forth in section 22-70, (2) the communication defendants failed to show plaintiff's claims were defeated by an affirmative matter, and (3) the easement and assignment agreement does not preclude the application of the exception in section 22-70.

¶ 18　　　　　The communication defendants, in response, argue this court should affirm the dismissal of plaintiff's second amended complaint. They assert plaintiff failed to allege sufficient facts to invoke the exception set forth in section 22-70. Specifically, they contend plaintiff failed to allege sufficient facts to demonstrate (1) Woodford County assessed taxes against the easement, (2) the easement holder was required to pay any taxes assessed against the easement, and (3) the tax deed was issued because of the alleged failure of the easement holder to pay taxes assessed against the easement. The communication defendants additionally assert they have shown plaintiff's claims were defeated based upon the Goff affidavit.

¶ 19　　　　　The communication defendants moved to dismiss plaintiff's second amended complaint under section 2-619.1 of the Civil Code (735 ILCS 5/2-619.1 (West 2024)), which allows a party to file a motion combining a section 2-615 motion to dismiss with a section 2-619

motion to dismiss. A dismissal pursuant to either section 2-615 or section 2-619 is reviewed *de novo. Lutkauskas v. Ricker*, 2015 IL 117090, ¶ 29. "The term *de novo* means that the court reviews the matter anew—the same as if the case had not been heard before and as if no decision had been rendered previously." (Internal quotation marks omitted.) *Blagden v. McMillin*, 2023 IL App (4th) 220238, ¶ 40. A dismissal may be affirmed on any ground supported by the record. *Carroll v. Community Health Care Clinic, Inc.*, 2017 IL App (4th) 150847, ¶ 18.

¶ 20         "A section 2-615 motion to dismiss challenges the legal sufficiency of a complaint." *Roberts v. Board of Trustees of Community College District No. 508*, 2019 IL 123594, ¶ 21.

> "A section 2-615(a) motion presents the question of whether the facts alleged in the complaint, viewed in the light most favorable to the plaintiff, and taking all well-pleaded facts and all reasonable inferences that may be drawn from those facts as true, are sufficient to state a cause of action upon which relief may be granted."
>
> *Reynolds v. Jimmy John's Enterprises, LLC*, 2013 IL App (4th) 120139, ¶ 25.

"All facts apparent from the face of the complaint, including any attached exhibits, must be considered." *Hadley v. Doe*, 2015 IL 118000, ¶ 29. A court cannot, however, "accept as true mere conclusions of law or fact unsupported by specific factual allegations." *Grant v. State*, 2018 IL App (4th) 170920, ¶ 12.

¶ 21         The issue before the circuit court, and now before this court, concerns the applicability of the exception set forth in section 22-70 of the Tax Code (35 ILCS 200/22-70 (West 2024)). It is undisputed that for any of plaintiff's claims to be viable, this exception must be applicable. Indeed, the general rule set forth in section 22-70 is that the issuance of a tax deed does not extinguish an easement. See *id.* The exception set forth in section 22-70 provides as follows: "This Section does not apply to tax deeds issued because the owner of any easement *** has failed

to pay taxes *** assessed for that easement." *Id.*

¶ 22　　　　While the focus of the proceedings in the circuit court concerning the applicability of the statutory exception was on whether Woodford County assessed taxes for the easement, the communication defendants raise on appeal an additional ground for why plaintiff has not sufficiently shown the applicability of the statutory exception—that plaintiff failed to allege sufficient facts to demonstrate the tax deed was issued *because* of the alleged failure of the easement holder to pay taxes assessed against the easement. Plaintiff, despite recognizing in its initial brief that this court is not bound by the reasoning of the circuit court in reviewing a section 2-615 dismissal, does not reply to this argument.

¶ 23　　　　When property taxes are not paid, the county may conduct a sale of the property at a public auction to recover the delinquent taxes, known as a tax sale. See 35 ILCS 200/21-200 (West 2010)); *In re Application for a Tax Deed*, 2018 IL App (5th) 170170, ¶ 9. "The purchaser at the tax sale does not immediately gain title to the property; rather, there is a grace period where the property owner has the right to 'redeem' the property by paying to the county clerk the delinquent taxes, as well as costs, fees, and interest." (Internal quotation marks omitted.) *Application for a Tax Deed*, 2018 IL App (5th) 170170, ¶ 10. If the owner does not redeem the property within the requisite period, the tax buyer may petition a court for the issuance of a tax deed. *Id.* To obtain the tax deed, the tax buyer must, amongst other things, pay all taxes that became due and payable after the tax sale. 35 ILCS 200/22-40(a) (West 2014).

¶ 24　　　　In this case, plaintiff alleged the tax deed was issued because of the failure of the easement owner to pay the taxes assessed for the easement. Plaintiff's allegation, however, is not supported by the facts alleged in the complaint and gleaned from the exhibits attached thereto. Plaintiff alleged the tax buyer, JICTB, purchased the "unpaid 2011 property taxes (and subsequent

2012-2015 tax years) for the Property" and, in December 2015, was granted a court order directing the issuance of a tax deed. The court order, which was attached to the complaint, demonstrates it was issued based upon a certificate of purchase relating to the delinquent 2011 taxes. It also indicates the redemption period for said sale expired in October 2015. Plaintiff further alleged, in January 2016, JICTB was issued a tax deed for the property. The deed, like the court order directing its issuance, indicates it was issued based upon the sale of the property in October 2012 for the nonpayment of taxes and upon the property not being redeemed therefrom. The facts alleged in the complaint and the exhibits attached thereto, therefore, indicate the tax deed was issued *because* of the failure to pay the 2011 taxes. The 2011 taxes, while payable in 2012, could not have been assessed against the easement because the easement did not exist until 2012.

¶ 25         To be sure, the tax deed could not have been issued unless the tax buyer paid all taxes that became due and payable after the 2012 tax sale, taxes which plaintiff allege were assessed for the easement and not paid by the easement owner. However, the payment of any later taxes was simply a condition that had to be satisfied to secure the issuance of the tax deed from the 2012 tax sale. Stated differently, absent the 2012 tax sale for the failure to pay the 2011 taxes, the payment of the later taxes would not have resulted in the issuance of a tax deed.

¶ 26         Because we find plaintiff has failed to allege sufficient facts to demonstrate the tax deed was issued *because* of the alleged failure of the easement holder to pay taxes assessed against the easement, we likewise find plaintiff has not sufficiently alleged the applicability of the exception set forth in section 22-70, which, again, is undisputedly necessary for any of plaintiff's claims to be viable. Absent any other argument, we conclude the circuit court did not err in dismissing plaintiff's second amended complaint.

¶ 27                                III. CONCLUSION

¶ 28        For the reasons stated, we affirm the circuit court's judgment.

¶ 29        Affirmed.